**UNITED STATES of America,
Appellee,**

v.

**Stanley H. CARLSON, Defendant–
Appellant.**

No. 03–1070.

United States Court of Appeals,
Second Circuit.

Sept. 30, 2003.

Brett A. Harvey, Assistant United States Attorney, Western District of New York, Buffalo, N.Y. (Michael A. Battle, United States Attorney, on the brief), for Appellee.

Timothy W. Hoover, Federal Public Defender's Office, Buffalo, NY, for Appellant.

PRESENT: LEVAL, JACOBS, and POOLER, Circuit Judges.

### SUMMARY ORDER

Stanley H. Carlson appeals from a final judgment entered in the United States District Court for the Western District of New York (Elfvin, *J.*). Carlson pled guilty to possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B), and was sentenced to 60 months imprisonment and a three-year term of supervised release. In an earlier appeal, we vacated a special condition of supervised release banning computer use or possession, and remanded for imposition of a less restrictive condition. *See United States v. Carlson,* 47 Fed.Appx. 598 (2d Cir.2002) (citing *United States v. Sofsky,* 287 F.3d 122 (2d Cir.2002)). In this appeal, Carlson challenges the condition imposed on remand.

The government concedes that the district court erred in resentencing Carlson by imposing a written condition not imposed orally, and that Carlson did not have an adequate opportunity to contest the written condition. Carlson suggests that we remand for imposition of a written condition conforming to the oral sentence, but there is no agreement as to what the oral sentence means. We therefore decline to order conformance. *See United States v. DeMartino,* 112 F.3d 75, 82 (2d Cir.1997) ("In light of the lack of clarity in the record as to [the reasoning behind the sentence], we decline to order that the oral sentence that was imposed be embodied in a written judgment."). We also decline to reach the parties' arguments respecting the propriety of the written condition. The special condition of supervised release is vacated, and the case remanded for resentencing.

For the reasons set forth above, the judgment of the district court is hereby VACATED IN PART AND REMANDED.