**UNITED STATES of America,
Appellee,**

v.

**Gregory SOFSKY, Defendant–
Appellant.**

**Docket No. 01–1097.**

United States Court of Appeals,
Second Circuit.

Argued: Dec. 5, 2001.

Decided: March 28, 2002.

Yuanchung Lee, The Legal Aid Society, Federal Defender Division Appeals Bureau, New York, NY, for Defendant–Appellant.

Adam H. Schuman, Asst. U.S. Atty., Brooklyn, NY; Alan Vinegrad, U.S. Atty., Peter A. Norling, Asst. U.S. Atty., Brooklyn, NY, on the brief, for Appellee.

Before: OAKES, NEWMAN, and F.I. PARKER, Circuit Judges.

JON O. NEWMAN, Circuit Judge.

This opinion concerns only a challenge to a condition of supervised release included as part of the sentence of ten years and

one month imposed on Gregory Sofsky by the District Court for the Eastern District of New York (Allyne R. Ross, District Judge) after Sofsky pled guilty to receiving child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A). The condition prohibits Sofsky from using a computer or the Internet without the approval of his probation officer. We conclude that the condition exceeds even the broad discretion of the sentencing judge with respect to conditions of supervised release, and must be substantially modified. Sofsky's challenges to his conviction have been rejected in a summary order filed today.

## Background

Prior to the entry of a guilty plea on the third day of trial, the Government presented overwhelming evidence that Sofsky had received on his home computer via the Internet more than 1,000 images of child pornography in the form of both still and moving pictures. Some of the images had been transferred to CD–ROM disks. Sofsky had also used the Internet to exchange images of child pornography with other (apparently like-minded) individuals at their computers. There was no claim that Sofsky had ever produced any of the images he received or exchanged with others.

At sentencing, Judge Ross, following the recommendation of the presentence report ("PSR"), determined that the adjusted offense level under the Sentencing Guidelines was 32.[1] In Criminal History Category I, level 32 prescribes a sentence range of 121 to 151 months. Judge Ross imposed a sentence of 121 months to be followed by a three-year term of supervised release. In addition to the standard conditions of supervised release, the Court imposed four special conditions: (1) the defendant must participate in mental health treatment, including a program for sexual disorders, (2) the defendant must permit a search of his premises on reasonable suspicion that contraband or evidence of a violation of a condition of supervision may be found, (3) the defendant may not "access a computer, the Internet, or bulletin board systems at any time, unless approved by the probation officer," and (4) the defendant must not view, purchase, or

---

1. The adjusted offense level was calculated as follows. To the base offense level of 17, appropriate for, among other things, "Receiving ... Material Involving the Sexual Exploitation of a Minor," U.S.S.G. § 2G2.2(a), the PSR added 2 levels because the material included photographs of a minor under the age of 12, *id.* § 2G2.2(b)(1); 5 levels because Sofsky's trading of images constituted distribution for pecuniary gain (*i.e.*, the receipt of pornographic images received as trades), *id.* § 2G2.2(b)(2)(A); 4 levels because some of the images portrayed depictions of violence, *id.* § 2G2.2(b)(3); 2 levels because the images were transmitted by computer, *id.* § 2G2.2(b)(5); and 2 levels for obstruction of justice, *id.* § 3C1.1, because Sofsky had impeded the investigation by making false statements to investigating agents and erasing some incriminating computer files.

We note that the base offense level of 17, appropriate for *receiving* child pornography, prescribes a sentencing range of 24 to 30 months and that the base offense level for *producing* child pornography, 27, U.S.S.G. § 2G2.1(a), prescribes a sentencing range of 70 to 87 months. Sofsky's sentencing range of 121 to 151 months, prescribed for his adjusted offense level of 32, reflects a phenomenon of the Guidelines whereby individual adjustments call for somewhat modest increments of punishment when only one or two are added, but result in substantial increments of punishment when several are aggregated together. For example, had Sofsky's 2 level enhancement for using a computer been the only enhancement, the minimum of his sentencing range would have increased by one-half a year, from 24 months to 30 months. However, once Sofsky's other adjustments raised his offense level to 30, the effect of the 2 level increase for using a computer was that the minimum of his sentencing range increased by two years, from 97 to 121 months.

possess child pornography materials. Only the third condition is challenged on this appeal.

### Discussion

■■■ *Plain error.* Because Sofsky did not object at sentencing to the imposition of the conditions of supervised release, the Government initially contends that his challenge to the third condition should be reviewed under the plain error standard set forth in Fed.R.Crim.P. 52(b). *See Jones v. United States,* 527 U.S. 373, 389, 119 S.Ct. 2090, 144 L.Ed.2d 370 (1999); *Johnson v. United States,* 520 U.S. 461, 466–67, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997); *United States v. Olano,* 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993).[2] *Jones, Johnson,* and *Olano* concerned alleged errors occurring during the course of a trial. As to unobjected to errors occurring at sentencing, we have stated that plain error review applies, *see United States v. Keppler,* 2 F.3d 21, 23 (2d Cir.1993), and have often applied such review, *see, e.g., United States v. Thomas,* 274 F.3d 655, 666–72 (2d Cir.2001 (in banc));[3] *United States v. Martinez–Rios,* 143 F.3d 662, 675–76 (2d Cir.1998). On occasion, however, we have reviewed unobjected to sentencing errors without rigorous application of plain error standards. In *United States v. Pico,* 966 F.2d 91 (2d Cir.1992), we noticed and corrected an unobjected to sentencing error concerning supervised release with only the most conclusory compliance with Rule 52(b). *Id.* at 92 (merely noting that the error was "clear"). We have entertained on an ap-

peal by the Government an unobjected to sentencing error without any consideration of plain error standards because the Government had no prior notice that the challenged aspect of the sentence would be imposed. *See United States v. Alba,* 933 F.2d 1117, 1120 (2d Cir.1991) (entertaining challenge to the sentencing judge's reliance on two allegedly impermissible factors in making a downward departure). We have also noted that noticing unobjected to errors that occur at trial precipitates an entire new trial that could have been avoided by a timely objection, whereas correcting a sentencing error results in, at most, only a remand for resentencing, or, as in this case, for a modification of the allegedly erroneous condition of supervised release. *See United States v. Leung,* 40 F.3d 577, 586 n. 2 (2d Cir.1994); *United States v. Baez,* 944 F.2d 88, 90 n. 1 (2d Cir.1991). Accordingly, although the Government is correct that plain error review applies, it appears that in the sentencing context there are circumstances that permit us to relax the otherwise rigorous standards of plain error review to correct sentencing errors.

■■■ In the pending appeal, the challenged condition of supervised release was not recommended in the PSR, and Sofsky had no prior knowledge that it would be imposed. Both because the alleged error relates only to sentencing and because Sofsky lacked prior notice, we will entertain his challenge without insisting on strict

2. Plain error review indicates that an appellate court will not correct an error not raised below unless there is (1) error (2) that is plain and (3) that affects substantial rights. If these conditions are met, an appellate court may exercise its discretion to notice the forfeited error if (4) the error seriously affects the fairness, integrity, or public reputation of ju-

dicial proceedings. *See Jones,* 527 U.S. at 389, 119 S.Ct. 2090.

3. In *Thomas,* we noted that the error could have been considered an error in either the sentencing or the conviction, but deemed it unnecessary to make the choice because any prejudice could be cured by remanding for resentencing. 274 F.3d at 673.

compliance with the rigorous standards of Rule 52(b).

■ *The merits.* A sentencing court may order a special condition of supervised release that is "reasonably related" to several of the statutory factors governing the selection of sentences, "involves no greater deprivation of liberty than is reasonably necessary" for several statutory purposes of sentencing, and is consistent with Sentencing Commission policy statements. 18 U.S.C. § 3583(d). Although the discretion thus conferred is broad, we have cautioned that we will "carefully scrutinize unusual and severe conditions." *United States v. Doe,* 79 F.3d 1309, 1319 (2d Cir.1996) (internal quotation marks omitted).

We previously considered a sentencing component that prohibited access to a computer or the Internet in *United States v. Peterson,* 248 F.3d 79, 82–84 (2d Cir. 2001). The restriction was imposed as a condition of probation for a defendant convicted of larceny because of the defendant's prior state conviction for incest and his accessing of adult pornography on his home computer. Noting that "[c]omputers and Internet access have become virtually indispensable in the modern world of communications and information gathering," *id.* at 83, we ruled the condition unreasonable. Appellate courts considering a similar restriction imposed upon defendants convicted of child pornography offenses have reached different conclusions. *Compare United States v. White,* 244 F.3d 1199, 1205–07 (10th Cir.2001) (invalidating and requiring modification of restriction imposed on defendant who used Internet to receive child pornography), *with United States v. Paul,* 274 F.3d 155, 169 (5th Cir.2001) (upholding restriction imposed on defendant who produced child pornography and used Internet to distribute it), *and United States v. Crandon,* 173 F.3d 122, 127–28 (3d Cir.1999) (upholding re-

striction imposed on defendant who used Internet to contact 14–year–old girl with whom he had sexual relations and photographed such conduct).

■ We appreciate the Government's point that permitting Sofsky access to a computer and the Internet after serving his ten-year sentence can facilitate continuation of his electronic receipt of child pornography, but we are more persuaded by the observation in *Peterson* that "[a]lthough a defendant might use the telephone to commit fraud, this would not justify a condition of probation that includes an absolute bar on the use of telephones." *Peterson,* 248 F.3d at 83. The same could be said of a prohibition on the use of the mails imposed on a defendant convicted of mail fraud. A total ban on Internet access prevents use of e-mail, an increasingly widely used form of communication and, as the Tenth Circuit noted, prevents other common-place computer uses such as "do[ing] any research, get[ting] a weather forecast, or read[ing] a newspaper online." *White,* 244 F.3d at 1206. Although the condition prohibiting Sofsky from accessing a computer or the Internet without his probation officer's approval is reasonably related to the purposes of his sentencing, in light of the nature of his offense, we hold that the condition inflicts a greater deprivation on Sofsky's liberty than is reasonably necessary.

The Government contended at oral argument that the restriction must be broad because a restriction limited to accessing pornography would be extremely difficult for the probation officer to enforce without constant monitoring of Sofsky's use of his computer. There are several responses. First, to the extent that even a broad restriction would be enforced by the probation officer, monitoring (presumably unannounced) of Sofsky would be required to

check if he was using a computer at all. Second, a more focused restriction, limited to pornography sites and images, can be enforced by unannounced inspections of Sofsky's premises and examination of material stored on his hard drive or removable disks.[4] *Cf. United States v. Knights,* 534 U.S. 112, 122 S.Ct. 587, 591–93, 151 L.Ed.2d 497 (2001) (rejecting Fourth Amendment challenge to search, on reasonable suspicion, of probationer's premises). Finally, the Government can check on Sofsky's Internet usage with a sting operation—surreptitiously inviting him to respond to Government placed Internet ads for pornography. *See White,* 244 F.3d at 1201.

### Conclusion

For all the above reasons, the condition of supervised release prohibiting all computer and Internet access is vacated, and the case is remanded for entry of a more restricted condition.

---

**4.** One of the standard conditions of supervised release imposed on Sofsky requires him to "permit a probation officer to visit him … at any time at home or elsewhere." Judgment ¶ 11.