UNITED STATES of America Plaintiff

v.

**Christopher Shawn DEATON Defendant**

No. 4:99Cr00087(2) GH.

United States District Court, E.D. Arkansas, Western Division.

May 22, 2002.

Todd Lister Newton, Esq., Assistant United States Attorney, Eastern District of Arkansas, Little Rock, AR, for Plaintiff.

Will Bond, Esq., Bond & Chamberlin, Jacksonville, AR, E. Alvin Schay, Esq., Attorney At Law, Little Rock, AR, for Defendant.

## ORDER

GEORGE HOWARD, Jr., District Judge.

On November 2, 2001, a jury found defendant guilty of possession of child pornography. Judgment was entered on April 23, 2002. He was sentenced to 57 months imprisonment; 3 years supervised release, and a $100 assessment. As a special condition of supervised release, the Court ordered that defendant not subscribe to any Internet providers or use the services of the Internet.

Defendant has filed a motion for correction of sentence. He asks that the restriction on access to the Internet be eliminated. The government opposes defendant's request.

The Court has wide discretion in imposing the terms and conditions of supervised release. *United States v. Scott,* 270 F.3d 632, 635 (8th Cir.2001). However, the discretion is limited by 18 U.S.C. § 3593(d) which requires that the special conditions be reasonably related to

"(1) 'the nature and circumstances of the offense and the history and characteristics of the defendant,' (2) the need 'to afford adequate deterrence to criminal conduct,' (3) the need 'to protect the public from further crimes of the defendant,' and (4) the need 'to provide the defendant with needed [training], medical care, or other correctional treatment in the most effective manner.'"

*United States v. Paul,* 274 F.3d 155, 165 (5th Cir.2001) (quoting 18 U.S.C. § 3553(a)(1)-(2) (1994)).

"Additionally, the conditions imposed cannot involve a greater deprivation of liberty than is reasonably necessary to effectuate the goals of Congress and the Sentencing Commission... Furthermore, conditions imposed must be especially fine-tuned if they restrict the freedom of persons on probation or supervised release." 270 F.3d at 635 (citations and internal quotations omitted).

Courts have varied in their treatment of Internet access where a defendant is convicted of child pornography. The most recent pronouncement is *United States v. Sofsky,* 287 F.3d 122 (2d Cir.2002), where the defendant challenged the special condition that he "not access a computer, the Internet, or bulletin board systems at any time, unless approved by the probation officer." The court found that the condition "inflicts a greater deprivation of [the defendant's] liberty than is reasonably necessary." *Id.* at 126. The court noted that less restrictive means are available to monitor the defendant to ensure he did not access pornography, such as unannounced inspections of the defendant's premises and examination of material stored on his hard drive or removable disks, or the setting up of a sting operation through the use of government placed Internet ads for pornography.

*Sofsky* represents the far end of the spectrum of cases, that is, elimination of the restriction. The Tenth Circuit takes a more moderate view of the restriction, The court in *United States v. Walser*, 275 F.3d 981, 988 (10th Cir.2001) approved a condition where the defendant had to obtain prior permission from the probation office before using the Internet. The court noted the condition, which did not completely ban the defendant from using the Internet, accomplished "the goal of restricting the use of the Internet" and "balanced" "the protection of the public with the goals of sentencing." *Id.*

Similarly, in *United States v. Crandon*, 173 F.3d 122, 128 (3rd Cir.1999), the court approved the restriction that "[t]he defendant shall not possess, procure, purchase or otherwise obtain access to any form of computer network, bulletin board, Internet, or exchange format involving computers unless specifically approved by the U.S. Probation Office." 173 F.3d at 127. The court found that condition was reasonably related to the goal of deterring defendant from engaging in further criminal conduct and in protecting the public, particularly in light of defendant's use of the Internet to develop an illegal sexual relationship with a young female over a period of months. *See also United States v. White*, 244 F.3d 1199, 1206 (10th Cir.2001) (finding that prohibition on possession of computer with Internet access both too narrow and overly broad and requiring modification to reflect realities of the Internet and to permit reasonable monitoring by a probation officer.)

At the other end of the spectrum is the absolute prohibition on access to computers and the Internet approved by the court in *United States v. Paul*, 274 F.3d 155, 170 (5th Cir.2001). The court found that the condition was reasonably related to the defendant's offense and "the need to prevent recidivism and protect the public."

*Id.* at 169. In that case, the evidence revealed that the defendant had used the Internet extensively to engage in the trafficking of child pornography as well as to "encourage exploitation of children by seeking out fellow 'boy lovers' and providing them with advise on how to find and obtain access to 'young friends.' " *Id.* An absolute prohibition on accessing the computers and the Internet was found to be reasonably necessary.

The restriction in this instance is a complete ban, such as that in *Paul.* The Court is persuaded, based on the facts of this case, that an absolute ban on the use of the Internet is overly broad and not reasonably necessary. The evidence reflects that defendant's conduct was not near as egregious as that in *Paul.* Additionally, defendant was on bond for an extended period of time without any incident which militates against the need for a broader restriction to prevent future criminal activity.

The Court finds that the condition should be modified to the following provision: Defendant is prohibited from using the services of the Internet or subscribing to any Internet Providers without prior permission from the U.S. Probation Office. In considering any requests by defendant, the Probation Officer should consider the importance of the Internet as a legitimate means to obtain important information as well as the ever expanding use of the Internet as a means of communication in our society. As the courts have noted, the computer is a "central means of information gathering and communication in our culture today." 275 F.3d at 988.

Accordingly, the motion for correction of sentence is granted to the extent set forth above.