**UNITED STATES of America, Appellee,**

v.

**Stanley H. CARLSON, Defendant–Appellant.**

**No. 01–1570.**

United States Court of Appeals, Second Circuit.

Sept. 25, 2002.

Timothy W. Hoover, Assistant Federal Defender, Federal Public Defender's Office, Western District of New York, Buffalo, NY, for Appellant.

Michael A. Battle, United States Attorney for the Western District of New York, Buffalo, NY; Gretchen L. Wylegala, Paul J. Campana, Assistant United States Attorneys, on the brief, for Appellee.

Present: JACOBS,LEVAL, and KATZMANN, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **VACATED IN PART AND REMANDED.**

Defendant-appellant Stanley Carlson appeals from a judgment entered in the United States District Court for the Western District of New York (Elfvin, J.), following his plea of guilty to possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B).

In his plea agreement, Carlson admitted that he obtained child pornography from the Internet, posted child pornography on an Internet website, and exchanged child pornography with others from Internet "chat rooms."

On October 5, 2001, Carlson was sentenced principally to 60 months' imprisonment and three years of supervised release. As a special condition of his supervised release, Carlson cannot "possess, purchase or use a computer (including any Internet services) or computer equipment and is prohibited from using any commercial computer systems/service." *See* 18 U.S.C. § 3583(d) (authoriz-

ing a sentencing court to order a special condition of supervised release that is "reasonably related" to statutory factors governing the selection of sentences, "involves no greater deprivation of liberty than is reasonably necessary" for several statutory purposes of sentencing, and is consistent with Sentencing Commission policy statements).

On appeal, Carlson argues that the sentencing court abused its discretion in imposing as a special condition of supervised release an absolute prohibition of the possession or use of computers, computer equipment, and the Internet.

On March 28, 2002, this Court issued a decision in *United States v. Sofsky*, 287 F.3d 122 (2d Cir.2002), that bears upon this appeal. In *Sofsky*, the defendant pled guilty to receiving child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A), and was sentenced to a term of imprisonment followed by supervised release. As a special condition of supervised release, the defendant was prohibited from using a computer or the Internet without the approval of his probation officer. *Id.* at 124.

We held that although the condition was reasonably related to the purposes of sentencing, it inflicted a greater deprivation on Sofsky's liberty than was reasonably necessary. *Id.* at 126. We were persuaded by our observation in a prior case that " '[a]lthough a defendant might use the telephone to commit fraud, this would not justify a condition of probation that includes an absolute bar on the use of telephones.' " *Id.* at 126 (quoting *United States v. Peterson*, 248 F.3d 79, 83 (2d Cir.2001)). Accordingly, we vacated the special condition and remanded to the district court "for entry of a more restricted condition." *Id.* at 127. In *Sofsky*, the special condition allowed the defendant to use a computer or the Internet with the consent of his probation officer. No such dispensation is allowed to Carlson and to that extent, the condition in this case is even more restrictive.

When the district court imposed this condition upon Carlson, it did not have the benefit of considering *Sofsky*. Accordingly, we **VACATE** the condition of supervised release prohibiting Carlson from possessing or using a computer, computer equipment, and the Internet, and we **REMAND** to the district court for entry of a more restricted condition in light of *Sofsky*.