**UNITED STATES of America,**
**Appellee,**

v.

**Thomas CRAMER, also known as**
**Brian Cramer, Defendant–**
**Appellant.**

**Docket No. 02–1244.**

United States Court of Appeals,
Second Circuit.

Nov. 21, 2002.

Jay S. Ovsiovitch, of counsel, Rochester, NY, (Mark D. Hosken, Assistant Federal Defender for the Western District of New York, on the brief), for Appellant.

Christopher V. Taffe, Assistant United States Attorney for the Western District of New York, Rochester, NY, (Michael A. Battle, United States Attorney, on the brief), for Appellee.

Present FEINBERG, JACOBS, and SACK, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be, and it hereby is, **VACATED IN PART AND REMANDED.**

Thomas Cramer appeals from an April 25, 2002 judgment and sentence entered following his guilty plea to one charge of violating the terms of supervised release. On appeal, Cramer's sole challenge is to a special condition of supervised release, which states:

> The defendant shall not possess or use any computer or computer services, unless at work and solely in relation to the performance [of] that job. Any employment which results in the defendant having access to a computer must be preapproved by the U.S. Probation Office including notification to the employer of any third party risks.

Our opinion in *United States v. Sofsky*, 287 F.3d 122 (2d Cir.2002), which was decided two days after Cramer's sentence was announced orally, has likely bearing on the issue presented in this appeal. *See also United States v. Peterson*, 248 F.3d 79 (2d Cir.2001). In order to afford the district court an opportunity in the first instance to consider the bearing of *Sofsky* (and *Peterson* ), we remand for the district court's reconsideration of Cramer's sentence. We make no intimation as to what decisions would be justified upon such reconsideration, and we note that Cramer's sentence may be entirely reconsidered.

For the foregoing reasons, we **VACATE** the sentence imposed by the district court and **REMAND** for the district court's reconsideration of the sentence.