UNITED STATES of America,
Appellee,

v.

Maria GONZALEZ, Defendant–Appellant.

No. 02–1732.

United States Court of Appeals,
Second Circuit.

Aug. 18, 2003.*

* Opinion Corrected and Superseded by 2003 WL 22229417.

Barry D. Leiwant, the Legal Aid Society, Federal Defender Division, Appeals Bureau, New York, NY, for Defendant–Appellant.

Nicolas Bourtin, Assistant United States Attorney for the Eastern District of New York (Roslynn R. Mauskopf, United States Attorney, and Jo Ann M. Navickas, Assistant United States Attorney, on the brief), Brooklyn, NY, for Appellee.

Present: POOLER, SACK, and WESLEY, Circuit Judges.

## SUMMARY ORDER

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and it hereby is **VACATED AND REMANDED.**

Defendant–Appellant Maria Gonzalez appeals the sentence imposed by the district court after she pleaded guilty to importation of heroin. At sentencing, the district court first found that the correct sentencing range was 37 to 46 months. It then sought comments from counsel about where to sentence within that range. After defense counsel offered some reasons for a sentence at the low end of the range, the district court voiced its concern that Gonzalez had "this Columbia connection" and that "she may pursue this Columbian criminal nexus in this country" after her release from prison, especially since "[s]he doesn't seem to have any employment here." The district court reiterated this

concern when it asked Gonzalez, "What insurance do[es][it] have that [she's] going to be able to sever [her] Columbia roots here?" The district court decided to sentence Gonzalez to the maximum of 46 months, and noted that it "believes that it's necessary to continue to send a message, especially to those who have Columbia roots that they'll be dealt with harshly by the laws of this country." On appeal, Gonzalez argues that the court's remarks, particularly the last one, violated the Constitution because the court unconstitutionally considered national origin in imposing the sentence.

■ Although Gonzalez waived her right to appeal any sentence less than 71 months, we have declined to find waiver of the right to appeal a sentence that was imposed based on constitutionally impermissible factors, such as national origin bias. *See United States v. Gomez–Perez,* 215 F.3d 315, 319 (2d Cir.2000). Moreover, although Gonzalez did not object to the district court's remarks at sentencing, we sometimes "review[ ] unobjected to sentencing errors without rigorous application of plain error standards." *United States v. Sofsky,* 287 F.3d 122, 125 (2d Cir.2002). We think this is an appropriate case for relaxation of the plain error standard.

In *United States v. Leung,* 40 F.3d 577 (2d Cir.1994), we considered comments by the district court which seemed to indicate that sentencing was influenced by defendant's race or nationality. We held that such influence was impermissible, and that a remand for resentencing was necessary if the court's remarks could lead a reasonable observer to infer that the court was influenced in this way. *Id.* at 586–87.

Although, as in *Leung,* "we are confident that the able and experienced trial judge in fact harbored no bias against [defendant] because of her ethnic origin, ... even the appearance that the sentence reflects a defendant's race or nationality [or national origin] will ordinarily require a remand for resentencing." *Id.* at 586. We believe that "there is sufficient risk that a reasonable observer, hearing or reading the quoted remarks, might infer, however incorrectly, that [Gonzalez's national origin] played a role in determining her sentence." *Id.* at 586–87.

■ The court's reference to "Columbian roots" is open to the interpretation that it refers to national origin. Roots is a term commonly used to describe ancestry, and a reasonable observer hearing that particular remark could believe that national origin played a role in the district court's sentencing choices. We note that a reading of the complete transcript does indeed convince us that the court was worried that Gonzalez might get back in touch with her Columbian drug contacts and engage in further importation after her release, and that the court was not motivated by any improper considerations. However, once again, we emphasize that we also wish to protect the "appearance of justice." A reasonable person could believe that the court's reference to "send[ing] a message [of deterrence], especially to those who have Columbia[n] roots" indicated that it was imposing a harsher punishment because of Gonzalez's Columbian ancestry. Moreover, in *Leung,* we explicitly rejected the idea that ethnicity or nationality may be taken into account in achieving the general goal of deterrence. 40 F.3d at 586. Although the government argues that the district court's statements should be understood as narrowly directed to Gonzalez and her potential for recidivism, that is not the most natural reading of the court's words.

Nor do we believe that the district court's willingness to give Gonzalez the benefit of the doubt with respect to her eligibility for the safety valve reduction

sufficiently removes the threat to the appearance of justice.

We also follow our precedent in *Leung* in remanding this case to a different district judge for resentencing, not because we doubt the district court's inability to sentence fairly on remand, but because "the appearance of justice is better satisfied by assigning the resentencing to a different judge." *Id.* at 587. We note that the government has waived its opportunity to appeal the safety valve reduction. Therefore, the remand is for the limited purpose of resentencing Gonzalez within the applicable range of 37 to 46 months.