12-5094-cr
United States v. Johnson

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 16th day of December, two thousand thirteen.

Present:    ROBERT A. KATZMANN,
                        *Chief Judge*,
                RALPH K. WINTER,
                GUIDO CALABRESI,
                        *Circuit Judges.*

———————————————————————————————

UNITED STATES OF AMERICA

                    *Appellee*,

                    v.                                        No. 12-5094-cr

JASON JOHNSON,

                    *Defendant-Appellant.*

———————————————————————————————

For Appellee:                      KEVIN J. DOYLE (Gregory L. Waples, on the brief), Assistant
                                            United States Attorneys, *for* Tristram J. Coffin, United States
                                            Attorney for the District of Vermont, Burlington, VT

For Defendant-Appellant:    BRADLEY S. STETLER, Stetler, Allen & Kampmann,
                                            Burlington, VT

Appeal from the United States District Court for the District of Vermont (Murtha, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,**

and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Defendant-Appellant Jason Johnson appeals from a December 13, 2012, judgment of

conviction and sentence imposed by the United States District Court for the District of Vermont

(Murtha, *J.*). The district court sentenced Johnson to three years in prison after he pleaded guilty

to one count of being a felon in possession of firearms. He contends his sentence was

procedurally and substantively unreasonable. We assume the parties' familiarity with the

underlying facts, procedural history, and issues on appeal.

We review criminal sentences for reasonableness. *United States v. Booker*, 543 U.S. 220,

260-62 (2005); *United States v. Cossey*, 632 F.3d 82, 86 (2d Cir. 2011) (per curiam). That review

"has both a procedural and a substantive component." *United States v. Carr*, 557 F.3d 93, 107

(2d Cir. 2009). We first ask whether the district court "committed [any] significant procedural

error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the

Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a

sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence."

*Gall v. United States*, 552 U.S. 38, 51 (2007). If the decision is procedurally sound, we then

determine substantive reasonableness by looking to "the totality of the circumstances, giving due

deference to the sentencing judge's exercise of discretion, and bearing in mind the institutional

advantages of district courts." *United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (en

banc). A sentence is substantively unreasonable "only in exceptional cases where the trial court's

decision 'cannot be located within the range of permissible decisions.'" *Id.* at 189 (quoting

2

*United States v. Rigas*, 490 F.3d 208, 238 (2d Cir. 2007).[1]

At sentencing, after describing Johnson's criminal history and the nature of his offense, the district court compared Johnson to a different defendant named Mark Barter: "[Y]ou're going to serve essentially the same time as Mr. Barter and that's 36 months. I think that both of you are about as involved except for the fact that you have a more serious record." App. 41. Johnson contends that this comparison constituted procedural error.

First, Johnson claims that the district court was not permitted to compare him to a differently situated defendant. *See* 18 U.S.C. § 3553(a)(6) (instructing courts imposing sentence to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"). We disagree. A sentencing court does not err by considering factors beyond the scope of § 3553(a), as long as the outside factors "are not inconsistent with those listed in § 3553(a) and are logically applied to the defendant's circumstances." *United States v. Williams*, 524 F.3d 209, 216 (2d Cir. 2008) (quoting *United States v. Wills*, 476 F.3d 103, 110 (2d Cir. 2007)). Here, the district court's comparison between Johnson and Barter was not inconsistent with § 3553(a) and was logically applied. The court carefully considered Johnson's individual circumstances, including the nature of his offense, his long criminal record, his history of drug abuse, his post-arrest rehabilitation, and his substantial assistance to the government. It also determined that imposing a three-year sentence on Johnson

---

[1]The government asserts that plain error review is appropriate, because Johnson failed to preserve the errors he now raises. *See Puckett v. United States*, 556 U.S. 129, 134-36 (2009); *United States v. Wagner-Dano*, 679 F.3d 83, 91-92 (2d Cir. 2012). Johnson argues that we should relax the requirements of plain error review because he lacked sufficient notice of the errors he asserts. *See United States v. Green*, 618 F.3d 120, 122 (2d Cir. 2010); *United States v. Sofsky*, 287 F.3d 122, 125 (2d Cir. 2002). We need not resolve this dispute; even if Johnson had preserved his objections, he has failed to show procedural or substantive unreasonableness.

3

would adequately deter future criminal conduct and would appropriately protect the public. Under these circumstances, the court's additional comparison between Johnson and Barter did not constitute procedural error.

Second, Johnson argues that the district court made a clear factual error in determining that he and Barter were both "about as involved." A sentencing court commits procedural error if the sentence is "based on clearly erroneous facts." *Gall*, 552 U.S. at 51. Here, however, we discern no clear error in the district court's factual findings. Johnson regularly purchased crack from a drug dealer named Jaimour Anderson; he once traveled from Vermont to Massachusetts with Anderson to pick up crack; and Anderson left guns and ammunition at Johnson's house. Johnson was arrested and convicted for his present offense because Anderson stored four guns at Johnson's house after a shooting incident. Barter, on the other hand, worked for Anderson by selling drugs, collecting drug debts, and threatening delinquent customers. While Johnson and Barter played different criminal roles, we see no clear error in the district court's determination that they were both "about as involved."

Finally, Johnson argues that his sentence was substantively unreasonable. That argument also fails. We find substantive unreasonableness only where the sentence imposed is "shockingly high, shockingly low, or otherwise unsupportable as a matter of law." *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009). In this case, the sentencing guidelines recommended that Johnson be sentenced to between 110 months and 120 months in prison. The district court departed significantly downward from that range, based on Johnson's substantial assistance to the government. It imposed a three year sentence, less than a third of the low end of the guidelines range. Given Johnson's criminal history and his present offense, the sentence imposed was well

within "the broad range of sentences that would be reasonable in the particular circumstances."

*United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir. 2006).

We have considered Johnson's remaining arguments and find them to be without merit.

For the reasons stated herein, the judgment of the district court is **AFFIRMED**.

<div style="margin-left: 50%;">

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

</div>