17-1998-cr
*United States v. Montgomery*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "Summary Order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of May, two thousand eighteen.

Present:
>    JON O. NEWMAN,
>    PETER W. HALL,
>    SUSAN L. CARNEY
>         *Circuit Judges.*

---

United States of America,

>    *Appellee,*

v.                                                                    17-1998-cr

Richard Anderson, AKA Pretty, AKA Pretty Ricky; Henry Beard, AKA Ju Ju; Justin Belle, AKA Jus, AKA, Just Blaze; Mikell Butler, AKA Kells; Linsandro Brown, AKA C; Tommie Caldwell, AKA T-Boy, AKA Tommie Gun; Shaquan Hayes, AKA Quan; Eric Harris, AKA Easy E, AKA e; Ricardo Henderson, AKA Ruckus, AKA Mateo, AKA Teo; Qierre Jacobs, AKA Stacks, AKA Q-stacks; Charles Lewis, Jr., AKA Chuck D; Phillip Moore, AKA Skrilla, AKA P-crack, AKA Big Phil; Curtis Perkins, AKA Curt; Quintel Raysor, AKA Quinny, AKA Q Da Don; Kwame Robinson, AKA Kwa; Leon Robinson, AKA Eon, AKA E-Blix; Jose Serrano, AKA Rico; Kawaun Wiggins, AKA Doughboy;

1

17-1998-cr
*United States v. Montgomery*

DaShae Harris; Kadeem Oell; DeShawn Tarver;
Charles Edwards; Brian Wilder; Jamie Baker;
Kevin Roundsville; Charles Procella,

       *Defendants,*

Arsheen Montgomery, AKA Dudie,

       *Defendant-Appellant.*

---

| | |
|---|---|
| *For Appellee*: | Paul D. Silver, Assistant United States Attorney, *for* Grant C. Jaquith, United States Attorney for the Northern District of New York, Albany, NY. |
| *For Defendant-Appellant*: | Molly K. Corbett, James P. Egan, Assistant Federal Public Defenders, *for* Lisa A. Peebles, Federal Public Defender, Albany, NY. |

Appeal from a judgment entered June 21, 2017, in the Northern District of New York (Hurd, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the district court's sentence is **AFFIRMED**, and the case is **REMANDED** for further proceedings consistent with this order.

Arsheen Montgomery appeals from the district court's judgment sentencing him to eighteen months' imprisonment following his admitting to violating four conditions of his supervised release. We assume the parties' familiarity with the underlying facts, the procedural history, the arguments presented on appeal, and the district court's rulings.

Montgomery asserts that the district court's sentence was both procedurally and substantively unreasonable. "Our review of challenged sentences is limited to reasonableness, a concept that applies both to the sentence itself and to the

procedures employed in arriving at the sentence." *United States v. Verkhoglyad*, 516 F.3d 122, 127 (2d Cir. 2008) (citations and quotation marks omitted). "The procedural inquiry focuses primarily on the sentencing court's compliance with its statutory obligation to consider the factors detailed in 18 U.S.C. § 3553(a), while the substantive inquiry assesses the length of the sentence imposed in light of the § 3553(a) factors." *Id.* (citations, alteration, and quotation marks omitted). We review for plain error arguments as to procedural error that were not raised in the district court at sentencing. *Id.* at 127–28.

Montgomery asserts that the district court committed procedural error by failing to explain adequately the basis for the sentence it imposed. Because he did not raise this argument before the district court, we review it for plain error only. Under that standard, we will not reverse unless there is (1) an error (2) that is plain and (3) that affects substantial rights. *United States v. Sofsky*, 287 F.3d 122, 125 n.2 (2d Cir. 2002). Even if those conditions are met, we will exercise our discretion to correct the error only if "the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.*

Under 18 U.S.C. § 3553(c)(2), a district court must state the specific reason for imposing a sentence outside the advisory United States Sentencing Guidelines range. When considering whether the district court complied with § 3553(c)(2), "a court's statement of its reasons for going beyond non-binding *policy statements* in imposing a sentence after revoking a defendant's [probationary] term need not be as specific as has been required when courts departed from *guidelines* that were,

3

before *Booker*, considered to be mandatory." *Verkhoglyad*, 516 F.3d at 132–33 (alteration in original) (quotation marks omitted). The district court did not commit plain error procedurally when imposing Montgomery's sentence. It explained that its imposition of the eighteen-month sentence was based on Montgomery's "long and troubling" history of having his supervised release revoked and on his inability to comply with the terms of release. Montgomery App'x at 92. The court stated that "[n]otably during the course of his three separate supervised release terms, [Montgomery] has completed an aggregate total of only ten months in the community," which, the court found, "strongly suggest[s] that he is not willing or capable to abide by a community-based supervision sentence." Montgomery App'x 94. That statement of reasons for imposing the sentence was sufficient. It did not amount to error, much less plain error.

Montgomery also asserts that his sentence is substantively unreasonable because the district court failed to consider his need for medical care—specifically, his need for substance abuse services. *See* 18 U.S.C. § 3553(a)(2)(D) (providing that at sentencing the district court must consider the need "to provide the defendant with . . . medical care"). We review arguments as to substantive unreasonableness for abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 46 (2007). To prevail on a substantive reasonableness argument, a defendant "must demonstrate that the challenged sentence 'cannot be located within the range of permissible decisions' available to a sentencing court." *United States v. Messina*, 806 F.3d 55, 65–66 (2d Cir. 2015) (quoting *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008)).

"That burden is a heavy one because, in determining substantive reasonableness, this court does not attempt to identify for itself a 'right' sentence; rather, we defer 'to the district court's exercise of judgment' and 'will set aside only those outlier sentences that reflect actual abuse of a district court's considerable sentencing discretion.'" *Id.* (quoting *United States v. Jones*, 531 F.3d 163, 174 (2d Cir. 2008)). "In conducting such review, we 'will, of course, take into account the totality of the circumstances,' 'evaluat[ing] the length of the sentence imposed in light of the factors enumerated under 18 U.S.C. § 3553(a)." *United States v. Martinez*, 862 F.3d 223, 247 (2d Cir. 2017) (internal citation omitted) (quoting *Gall*, 552 U.S. at 51; *United States v. Norman*, 776 F.3d 67, 86 (2d Cir. 2015)).

The district court did not commit substantive error at sentencing. It considered Montgomery's struggle with addiction but concluded that, given Montgomery's repeated history of failing to comply with the conditions of his supervised release—including his failure to comply with a drug treatment program during an earlier term of supervised release—incarceration, rather than supervised release with a requirement to attend a drug treatment program, was appropriate. Further, at sentencing Montgomery, through counsel, conceded that "Montgomery at this point appreciates that he will have difficulty being perfectly compliant with conditions of supervision." Montgomery App'x 87. On this record there was no substantive error.

Montgomery also contends, citing *United States v. Jones*, 460 F.3d 191, 196 (2d Cir. 2006), that if this Court does not vacate the sentence, we should "include an

5

order to amend the judgment by including a written statement of reasons complying with 18 U.S.C. § 3553(c)." Appellant's Br. 21. The Government also contends, citing *United States v. Verkhoglyad*, 516 F.3d 122, 134 (2d Cir. 2008), that we should remand to permit amendment of the judgment to include a statement of reasons.

The cited cases were both decided before subsection 3553(c)(2) was amended in 2010 to delete "the written order of judgment and commitment" and insert "a statement of reasons form issued under section 994(w)(1)(B) of title 28." *See* 18 U.S.C.A. § 3553, Historical and Statutory Notes, 2010 Amendments. Subsection 994(w)(1)(B) requires that the report required to be submitted to the Sentencing Commission by the chief judge of the district court include "the written statement of reasons for the sentence imposed (. . . which shall be stated on the written statement of reasons form issued by the Judicial Conference and approved by the United States Sentencing Commission)."

We understand that it is customary for the judgment and the statement of reasons form to be separate documents and that the latter document is not entered on the docket of the district court.

Upon remand, we therefore instruct the district court to ascertain whether the required statement of reasons form has been prepared and transmitted, and, if it has not been prepared and transmitted, to take steps to comply with amended subsection 3553(c)(2) and subsection 994(w)(1)(B).

In view of the trivial nature of some of the supervised release violations and the apparent need of the appellant for drug treatment while incarcerated, we also

authorize the district court to reconsider both the length of the sentence and the appropriateness of recommending to the Bureau of Prisons that the appellant be incarcerated in an institution where a drug treatment program is available.

We have considered Montgomery's remaining arguments and find them to be without merit. The sentence of the district court is **AFFIRMED**, and the case is **REMANDED** for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk