17-2571-cr
*United States v. Quarterman*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of October, two thousand eighteen.

PRESENT:   JOSÉ A. CABRANES,
                    BARRINGTON D. PARKER,
                                *Circuit Judges,*
                    KIYO A. MATSUMOTO,
                                *District Judge.*[*]

---

UNITED STATES OF AMERICA,

                    *Appellee,*                                   17-2571-cr

                    v.

ALEXANDER QUARTERMAN,

                    *Defendant-Appellant.*

---

[*] Judge Kiyo A. Matsumoto, of the United States District Court for the Eastern District of New York, sitting by designation.

FOR APPELLEE:                                    Molly K. Corbett and James P. Egan,
                                                 Assistant Federal Public Defenders, *for*
                                                 Lisa A. Peebles, Federal Public Defender,
                                                 Northern District of New York, Albany,
                                                 NY.


FOR DEFENDANT-APPELLANT:                         Rajit S. Dosanjh and Joseph A.
                                                 Giovannetti, Assistant United States
                                                 Attorneys, *for* Grant C. Jaquith, United
                                                 States Attorney, Northern District of New
                                                 York, Syracuse, NY.


Appeal from a judgment of the United States District Court for the Northern District of New York (Mae A. D'Agostino, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the August 11, 2017 judgment of the District Court be and hereby is **AFFIRMED**.

Defendant-Appellant Alexander Quarterman ("Quarterman") appeals a judgment of the District Court revoking his term of supervised release and sentencing him principally to eight months' incarceration to be followed by 48 months of supervised release. On appeal, Quarterman challenges only a special condition of his supervised release requiring him to participate in a mental health program. He argues that the condition should be vacated because the District Court failed to articulate a basis for imposing it and, according to Quarterman, because the decision to do so is unsupported by the record. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Where, as here, a defendant fails to object at sentencing to the imposition of a special condition, we review for plain error. *United States v. Simmons*, 343 F.3d 72, 80 (2d Cir. 2003); *see also* Fed. R. Crim. P. 52(b). In certain circumstances, however, we have "relax[ed] the otherwise rigorous standards of plain error review to correct sentencing errors." *United States v. Sofsky*, 287 F.3d 122, 125 (2d Cir. 2002). We need not decide which species of plain error review applies in this case because, under either standard, any error was harmless.

At sentencing, district courts may impose special conditions of supervised release that are "reasonably related" to the purposes of sentencing set forth in Section 5D1.3(b) of the United States Sentencing Guidelines, and which "involve no greater deprivation of liberty than is reasonably necessary for the[se] purposes." U.S.S.G. § 5D1.3(b). If a district court imposes a special condition, it must "make an individualized assessment . . . and . . . state on the record the reason for imposing

2

it; the failure to do so is error." *United States v. Betts*, 886 F.3d 198, 202 (2d Cir. 2018). But "we may uphold the condition imposed . . . if the district court's reasoning is 'self-evident in the record.'" *Id.* (quoting *United States v. Balon*, 384 F.3d 38, 41 n.1 (2d Cir. 2004)).

That is the case here. Among other things, the record contains a lengthy letter from the office of the Federal Public Defender that recounts Quarterman's "extraordinarily disadvantaged upbringing," lack of a "positive, stabilizing parental influence during his formative years," and "expos[ure] to drugs and alcohol at a very young age." Quarterman App'x at 39. The letter also describes some of the difficulties Quarterman has faced in adjusting to supervised release after serving a lengthy term of incarceration. *Id.* at 40 (noting that "[s]tresses" related to inability to "satisfy . . . financial obligations to pay child support and restitution" and "everyday life caused some strain in his relationship with [his wife]" and "prompted [him] to relapse into controlled substance use while on supervision"). And, apparently "[r]ecognizing . . . [the] need for outside assistance," Quarterman "has pursued engagement with Capital Counseling" and, along with this wife, has sought "counseling with the pastor at [his wife's] church." *Id.* At the hearing, Quarterman's counsel emphasized that "[t]here were ongoing efforts" to help Quarterman receive "counseling to address all of his problems," *id.* at 147, and Quarterman stated that he "went to one appointment for Capital Counseling and . . . was going to see the guy once a week," *id.* at 150. Given this and other information before the District Court, its reason for imposing the special condition Quarterman challenges is "self-evident in the record," and any error stemming from its failure to specifically explain why it imposed that condition is harmless. *Balon*, 384 F.3d at 41 n.1 (holding that district court's failure to "expressly articulate on the record why it was imposing" certain conditions constitutes harmless error where "the reason for such conditions is self-evident in the record").

We have reviewed all of the arguments raised by Quarterman on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the August 11, 2017 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3