19-1315-cr
*United States v. Vietor*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27ᵗʰ day of March, two thousand twenty.**

Present:
> ROBERT A. KATZMANN,
> *Chief Judge*,
> RICHARD C. WESLEY,
> MICHAEL H. PARK,
> *Circuit Judges.*

---

UNITED STATES OF AMERICA,

    *Appellee*,

    v.                                  No. 19-1315-cr

JENNIFER VIETOR,

    *Defendant-Appellant*,

---

For Defendant-Appellant:            DAVID J. WILLIAMS, ESQ., Jarvis, McArthur & Williams, LLC, Burlington, VT.

For Appellee:                  TIFFANY H. LEE, Assistant United States Attorney, *for* James P. Kennedy, Jr., United States Attorney for the Western District of New York, Rochester, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Wolford, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Jennifer Vietor appeals from a judgment of conviction, sentencing her to a term of imprisonment of 188 months to be followed by 15 years of supervised release. Vietor pleaded guilty to one count of distributing child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A), (b)(1). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Vietor's sole contention on appeal is that the district court erred in imposing a special condition of supervised release that conditioned her use of a computer or internet capable device upon her participation in a computer and internet monitoring program administered by the probation office. "A sentencing court may order a special condition of supervised release that is 'reasonably related' to several of the statutory factors governing the selection of sentences, 'involves no greater deprivation of liberty than is reasonably necessary' for several statutory purposes of sentencing, and is consistent with Sentencing Commission policy statements." *United States v. Sofsky*, 287 F.3d 122, 126 (2d Cir. 2002) (quoting 18 U.S.C. § 3583(d)).[1] Generally, we review imposition of conditions of supervised release for abuse of discretion and any issues of law presented *de novo*. *See United States v. Dupes*, 513 F.3d 338, 342–43 (2d Cir. 2008). However, because Vietor received advance notice of the challenged condition, which was recommended in the presentence report that she reviewed with her counsel prior to sentencing,

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, alterations, footnotes, and citations are omitted.

but failed to object to it below, we review its imposition for plain error. *See id*. at 343. Under the plain error standard, Vietor bears the burden of showing: "(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected [her] substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Marcus*, 560 U.S. 258, 262 (2010). "[R]eversal for plain error should be used sparingly, solely in those circumstances in which a miscarriage of justice would otherwise result." *United States v. Villafuerte*, 502 F.3d 204, 209 (2d Cir. 2007).

Vietor's arguments do not meet the high standard for plain error reversal. *First*, Vietor argues that the special condition delegates too much authority to the probation office to administer the computer monitoring program. However, this delegation does not represent any clear or obvious error based on our past cases. *See United States v. Savastio*, 777 F. App'x. 4, 7 (2d Cir. 2019) (summary order) (upholding a similarly worded condition on plain error review); *United States v. Browder*, 866 F.3d 504, 511 n.32 (2d Cir. 2017) (citing a similarly worded condition with approval). We have held that a "district court may delegate to a probation officer decision-making authority over certain minor details of supervised release—for example, the selection of a therapy provider or treatment schedule," but "may not delegate to the Probation Department decision-making authority which would make a defendant's liberty itself contingent on a probation officer's exercise of discretion." *United States v. Matta*, 777 F.3d 116, 122 (2d Cir. 2015). While the condition at issue here delegates authority to the probation office to select and administer the specific monitoring program, within the condition's confines, it is the district court, not the probation office, restricting Vietor's internet access. And, contrary to Vietor's contentions, the search authority granted to probation is not without limitation. Under the

3

condition's terms, probation "is authorized to install any application as necessary to surveil all activity on computer(s)," but probation is notified only of "impermissible/suspicious activity or communications occurring on such computer," not of all activity, and searches of the computer are authorized only "[a]s triggered by impermissible/suspicious activity." App'x 6. Monitoring and searches are required to be "designed to avoid, as much as possible, reading any privileged information or any private material that is not illegal or reasonably likely to lead to illegal material or evidence related to illegal activity." *Id*. Although the condition does not clarify the bounds of "suspicious" activity, beyond that likely to lead to illegal material, any error is not "clear or obvious" in the context of our past cases. *Marcus*, 560 U.S. at 262; *see also United States v. Irving*, 554 F.3d 64, 78 (2d Cir. 2009) ("An error is 'plain' if the ruling was contrary to law that was clearly established by the time of the appeal."). It therefore does not rise to the level of plain error.

*Second*, Vietor argues that the district court acted prematurely in imposing the condition because, by the time that she begins supervised release, technological change may have rendered current computer monitoring tools obsolete. Where conditions of supervised release involve areas of developing technology, we have suggested that it "might well be prudent for the district court to postpone the determination of the supervised release or probation conditions until an appropriate later time, when the district court's decision could be based on then-existing technological and other considerations." *United States v. Lifshitz*, 369 F.3d 173, 193 n.11 (2d Cir. 2004). We have also made clear, however, that there is no *requirement* that a district court do so. *See Browder*, 866 F.3d at 512 n.33. Should technology change such that the computer monitoring condition appears overly intrusive by the time Vietor commences supervised release,

4

Vietor "is free to seek modification of the condition" from the district court through a proceeding under 18 U.S.C. § 3583(e)(2). *Id.*; *see United States v. Balon*, 384 F.3d 38, 46–47 (2d Cir. 2004).

*Finally*, Vietor argues that the condition, because it requires her to pay the cost of monitoring services, impermissibly conditions her First Amendment-protected right to access the internet on her ability to pay. Vietor argues that, if she is unable to pay the cost of monitoring, the condition will become, in effect, a total ban on internet access of the type that we have found appropriate "[i]n only highly unusual circumstances." *United States v. Eaglin*, 913 F.3d 88, 97 (2d Cir. 2019); *see also Sofsky*, 287 F.3d at 126. However, at this juncture, it is unclear what the costs of the monitoring program will be and whether Vietor will be able to afford those costs upon her release from prison. The issue is therefore not ripe for review. *See Balon*, 384 F.3d at 46. Should Vietor prove unable to afford the costs imposed upon her release, she may seek modification of the condition through a proceeding under Section 3583(e)(2).

We have considered all of Vietor's remaining contentions on appeal and have found in them no basis for reversal. Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk