22-1722-cr (L)
United States v. Gonyea

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of November, two thousand twenty-three.

PRESENT: DENNIS JACOBS,
RAYMOND J. LOHIER, JR.,
EUNICE C. LEE,
*Circuit Judges*.

------------------------------------------------------------------

UNITED STATES OF AMERICA,

*Appellee*,

v.                                          Nos. 22-1722-cr, 22-1727-cr

GILBERT GONYEA, AKA Slim Gonyea, AKA
Gilbert Davis, AKA Slim Gilbert Gonyea,

*Defendant-Appellant*.

------------------------------------------------------------------

FOR DEFENDANT-APPELLANT:              Melissa A. Tuohey, Assistant
                                      Federal Public Defender,
                                      Office of the Federal Public
                                      Defender, Syracuse, NY

FOR APPELLEE:                         Lisa M. Fletcher, Paul D.
                                      Silver, Assistant United States
                                      Attorneys, *for* Carla B.
                                      Freedman, United States
                                      Attorney for the Northern
                                      District of New York,
                                      Albany, NY

Appeal from two judgments of the United States District Court for the

Northern District of New York (Glenn T. Suddaby, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED,

AND DECREED that the judgments of the District Court are VACATED in part

and the cause is REMANDED for further proceedings consistent with this

summary order.

Gilbert Gonyea appeals two judgments of the United States District Court

for the Northern District of New York (Suddaby, *J.*) sentencing him principally to

a term of imprisonment to be followed by one life term and one five-year term of

supervised release following his admission to violating the terms of his

supervised release and his guilty plea to one count of failing to register two email

2

addresses under the Sex Offender Registration and Notification Act (SORNA) in violation of 18 U.S.C. § 2250(a). Gonyea contends that the sentences imposed by the District Court were substantively unreasonable insofar as they imposed a special condition of supervised release that prohibited him from accessing the internet unless authorized by the District Court or as directed by the Probation Office upon the District Court's approval. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to vacate and remand.

Gonyea was convicted in 2017 of one count of receiving child pornography in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and (b)(1) and sentenced principally to 72 months' imprisonment and a life term of supervised release. A special condition of supervised release required Gonyea to participate in the Computer and Internet Monitoring Program (CIMP) in order to use or possess any internet capable device. In 2021, after his prison term was completed, Gonyea created two email accounts but failed to disclose them to the New York State Division of Criminal Justice Services as required by the terms of his supervised release. Probation officers later discovered the email addresses and seized an unauthorized cell phone from Gonyea containing at least three images of child

pornography.

After Gonyea admitted to twelve supervised release violations, the District Court revoked his supervised release, and sentenced him to ten months' imprisonment and a new life term of supervised release. Gonyea separately pleaded guilty pursuant to a plea agreement to one count of failing to register the two email addresses as required by SORNA, and he was sentenced to a 36-month term of imprisonment and a five-year term of supervised release. In both judgments, the District Court imposed a special condition of supervision forbidding Gonyea from "access[ing] the internet from any computer or internet capable device at any location unless authorized by the Court, or as directed by the U.S. Probation Office upon approval of the Court." App'x 74, 124. The special condition was to "remain in effect until such time the Court determines such ban is no longer necessary, based upon the Court's evaluation of [Gonyea's] risk and needs, along with consideration of the factors outlined in 18 U.S.C. § 3553(a)." *Id.* As justification for the special condition, the District Court cited the nature and circumstances of Gonyea's offense, his history of offenses, his unwillingness to abide by the terms of the CIMP, and his violation of the earlier terms of supervised release, which prohibited him from accessing or viewing

child pornography.

Gonyea argues that the total internet ban is substantively unreasonable. "We review the imposition of conditions of supervised release for abuse of discretion," and "[w]e review sentencing decisions for procedural and substantive reasonableness." *United States v. Eaglin*, 913 F.3d 88, 94 (2d Cir. 2019). "A sentencing court may order a special condition of supervised release that is reasonably related to several of the statutory factors governing the selection of sentences, involves no greater deprivation of liberty than is reasonably necessary for several statutory purposes of sentencing, and is consistent with Sentencing Commission policy statements." *United States v. Sofsky*, 287 F.3d 122, 126 (2d Cir. 2002) (quotation marks omitted). Because the internet ban "implicates a constitutional right, we conduct a more searching review in light of the heightened constitutional concerns presented." *Eaglin*, 913 F.3d at 95 (quotation marks omitted); *see also Packingham v. North Carolina*, 582 U.S. 98, 108 (2017).

We agree with Gonyea that the District Court's imposition of a total internet ban is substantively unreasonable. As early as 2001, we observed that "[c]omputers and Internet access have become virtually indispensable in the

modern world of communications and information gathering." *United States v. Peterson*, 248 F.3d 79, 83 (2d Cir. 2001). Today, "access to the Internet is essential to reintegrating supervisees into everyday life, as it provides avenues for seeking employment, banking, accessing government resources, reading about current events, and educating oneself." *Eaglin*, 913 F.3d at 98. Therefore, "[i]n only highly unusual circumstances will a total Internet ban imposed as a condition of supervised release be substantively reasonable and not amount to a greater deprivation of liberty than is reasonably necessary to implement the statutory purposes of sentencing." *Id.* at 97 (quotation marks omitted). We have thus affirmed a sentence that imposed a complete internet ban where "the likeliest consequence if less restrictive measures should fail [was] that [the offender] could use the Internet to locate children and lure them to sexual abuse," but we have vacated a similar sentence where "the likeliest consequence if a less restrictive measure should fail would be that the offender would download and distribute child pornography." *United States v. Johnson*, 446 F.3d 272, 283 (2d Cir. 2006).

Gonyea's case falls into the latter category. Although Gonyea's crime was serious and he has reoffended, he has not "use[d] the Internet to prey on children

6

or otherwise endanger the public." *Eaglin*, 913 F.3d at 97. The "direct harm to children" in this case "was inflicted previously, when the pornographic images were made, and the lesser harm caused by trafficking can be largely remedied afterward, by destroying copies of the material and returning the offender to prison." *Johnson*, 446 F.3d at 283. Given "the record's dearth of evidence suggesting that [Gonyea] is likely to seek out children on social media or prey on them in reality," *Eaglin*, 913 F.3d at 98, we must vacate his sentences.

The Government's arguments to the contrary are unpersuasive. The Government first argues that our precedent does not control this case. In particular, it notes that the defendant in *Eaglin* was convicted of failing to register as a sex offender, while Gonyea actually received child pornography while on supervised release. The Government, however, ignores the distinction we drew in *Sofsky* and *Johnson* between the receipt of child pornography and the use of the Internet to "direct[ly]" harm children. *Johnson*, 446 F.3d at 283. The Government also stresses that Gonyea "repeatedly and surreptitiously accessed the Internet, committing new criminal conduct in the process" and that Gonyea "fail[ed] to comply with less restrictive monitoring." Gov't Br. at 47. But nothing in our precedent suggests that the reasonableness of an internet ban

7

hinges on the likelihood that an offender will receive child pornography.   We

have instead relied on a defendant's use of "the Internet to prey on children or

otherwise endanger the public."   *Eaglin*, 913 F.3d at 97; *see also Johnson*, 446 F.3d

at 283.

We have considered the Government's remaining arguments and conclude

that they are without merit.   For the foregoing reasons, the judgments of the

District Court are VACATED as to the internet bans and the cause is

REMANDED for further proceedings.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court
