SUMMARY ORDER
Defendant-appellant William Graziano appeals from a judgment of conviction of the United States District Court for the Northern District of New York (Hurd, J.) signed on November 8, 2007, and the sentence resulting therefrom. We assume the parties’ familiarity with the underlying facts and procedural history of the case.
Graziano was indicted on March 30, 2006, for knowingly receiving child pornography that had been transported in interstate commerce, in violation of 18 U.S.C. § 2252A(a)(2)(A), and for knowingly possessing material containing an image or images of child pornography that had been transported in interstate commerce, in violation of 18 U.S.C. § 2252A(a)(5)(B). On April 18, 2007, he pleaded guilty to violating section 2252A(a)(5)(B), pursuant to the terms of a plea agreement in which he waived his right to appeal his conviction or any sentence of 108 months or less of imprisonment. Graziano subsequently was sentenced principally to a term of eighty-seven months’ imprisonment. He now appeals (1) his conviction on the ground that the district court lacked jurisdiction to enter judgment because there was no factual basis to support a finding that any image of child pornography had been transported in interstate commerce, and (2) his sentence on the ground that the district court enhanced his sentence based on facts that were neither admitted by the defendant nor found by the jury.
We may review plea proceedings, notwithstanding the existence of a plea agreement that waives a defendant’s rights to appeal a conviction and sentence, where that defendant “argue[s] that the district court failed to satisfy the requirement that there is a factual basis for the plea.” United States v. Adams, 448 F.3d 492, 497 (2d Cir.2006); see Fed.R.Crim.P. 11(b)(3) (setting forth the requirement that district courts “determine that there is a factual basis for the plea” before entering judgment on it). We review for “abuse of discretion a district court’s decision that a defendant’s factual admissions support conviction on the charge to which he has pleaded guilty.” Adams, 448 F.3d at 498.
“In requiring the district court to satisfy itself that there is a factual basis for the plea, [Rule 11(b)(3) ] does not require that the court be satisfied that a jury would return a verdict of guilty.... Rather, [it] requires the court to assure itself simply that the conduct to which the defendant admits is in fact an offense under the statutory provision under which he is pleading guilty.” United States v. Maher, 108 F.3d 1513, 1524 (2d Cir.1997). The Court may rely on “any facts on the record at the time of the plea proceeding,” Adams, 448 F.3d at 499, including the defendant’s own admissions and statements made by defense counsel, see United States v. Smith, 160 F.3d 117, 121 (2d Cir.1998). In light of this standard, it is plain that Graziano’s argument that the “interstate commerce” element of his conviction lacks factual support is without merit.
*695 Paragraph l.a. of the plea agreement plainly states Graziano’s intention to “enter a plea of ‘Guilty’ to Count 2 of [the Indictment], charging him with knowingly possessing material that contains an image of child pornography that has been shipped or transported in interstate or foreign commerce.” The plea agreement later memorializes Graziano’s understanding that one of the legal elements of section 2252A(a)(5)(B) is that the child pornography in question “was mailed or was shipped or transported in interstate commerce.” Furthermore, during his plea allocution, Graziano agreed with the prosecutor’s statements about what the government would prove at trial, including that the child pornography was “transported in interstate commerce,” and he admitted that he had downloaded the images discovered on his computer from the internet.[1] Finally, Graziano’s counsel attested that (1) his client understood the nature of the charges against him, and (2) he was aware of no defenses against those charges. Graziano’s admissions, together with the various evidence introduced during the course of his plea allocution, are sufficient to establish a factual basis for the interstate commerce element. Accordingly, the district court did not abuse its discretion in making such a finding.
Graziano’s argument that the district court impermissibly enhanced his sentence based on facts neither admitted by the defendant nor found by a jury similarly is without merit. In his plea agreement, Graziano waived his right to appeal or collaterally attack “any sentence of imprisonment of 108 months or less.” The district court sentenced him to a term of 87 months’ imprisonment. Graziano does not contend that his waiver was not knowing or voluntary, or that his sentence was based on considerations that are deemed to fall outside the scope of a waiver of appeal. See, e.g., United States v. Jacobson, 15 F.3d 19, 22-23 (2d Cir.1994). Consequently, we decline to address his challenge to his sentence.
We have considered Graziano’s remaining arguments and find them to be without merit. Accordingly, the judgment of the district court is hereby AFFIRMED.

. We need not address in-depth Graziano’s contention that evidence of his internet usage, standing alone, is insufficient to establish the interstate commerce element of section 2252A(a)(5)(B). See Appellant’s Br. 12 (discussing United States v. Schaefer, 501 F.3d 1197 (10th Cir.2007)). It is sufficient to say that what was lacking in Schaefer, viz. evidence that the pornographic images moved across state lines beyond the mere fact that those images were downloaded from the internet, is present here insofar as Graziano admitted to possessing images that had been transported in interstate commerce. Indeed, Graziano’s statement in his plea allocution that he had downloaded from the internet the pornographic images that served as the basis for his criminal charge, coupled with his admission to possessing images that had been transported in interstate commerce, necessarily means that the images in this case moved across state lines over the internet.