09-4027-cr
United States v. Coli

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 30th day of June, two thousand eleven.

PRESENT:  ROGER J. MINER,
           REENA RAGGI,
           GERARD E. LYNCH,
              *Circuit Judges.*

--------------------------------------------------------------

UNITED STATES OF AMERICA,
           *Appellee*,

     v.                            No. 09-4027-cr

PHILIP COLI,
           *Defendant-Appellant*.

--------------------------------------------------------------

APPEARING FOR APPELLANT:    Robin C. Smith, Esq., Law Office of Robin Smith, Brooklyn, New York.

APPEARING FOR APPELLEE:    Richard Belliss (Brenda K. Sannes, *of counsel*), Assistant United States Attorneys, *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (Thomas J. McAvoy, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the district court's September 24, 2009 judgment is AFFIRMED.

Defendant Philip Coli, who stands convicted on pleas of guilty to three counts of attempting to transfer obscene materials to a minor, see 18 U.S.C. § 1470, appeals that part of his sentence which prohibited him, as a condition of supervised release, from viewing, possessing, owning, subscribing to, or purchasing any material that depicts sexually explicit conduct by adults as defined in 18 U.S.C. § 2256(2). A sentencing court may impose supervised release conditions that (1) reasonably relate to certain statutory factors governing sentencing, (2) involve no greater deprivation of liberty than is reasonably necessary to implement the statutory purposes of sentencing, and (3) are consistent with pertinent Sentencing Commission policy statements. See United States v. Gill, 523 F.3d 107, 109 (2d Cir. 2008). Although we generally review the district court's imposition of a condition of supervised release for abuse of discretion, see, e.g., id. at 108 (recognizing that "courts have broad discretion to tailor conditions of supervised release" (internal quotation marks omitted)), where, as here, a defendant fails to raise his challenge below, we review only for plain error, see, e.g., United States v. Dupes, 513 F.3d 338, 342-43 (2d Cir. 2008). We assume the parties' familiarity with the facts and record of prior proceedings in explaining our decision to affirm.

2

At the outset, we note that Coli's challenge to the supervision condition prohibiting unsupervised contact with minors as interfering with his opportunity to visit his minor children is rendered moot by the district court's December 23, 2010 order modifying that condition to allow such unsupervised familial contact. See United States v. Johnson, 446 F.3d 272, 276 (2d Cir. 2006). We easily reject Coli's remaining contention that a ban on his access to sexually explicit material depicting adults is not reasonably related to the offense of conviction. Given Coli's history of attempting to transmit adult pornography to minor children, the challenged condition reasonably related to the nature and circumstances of Coli's offense, the need to deter criminal conduct, and the need to protect the community from further crimes. See 18 U.S.C. § 3553(a)(1), (2)(B)-(C). Further, the challenged condition does not impose a greater deprivation of liberty than is reasonably necessary under the circumstances. See United States v. Carlton, 442 F.3d 802, 810 (2d Cir. 2006) (recognizing that "conditional liberty" afforded those on supervised release may include "prohibition against possession of pornographic matter"); see also Farrell v. Burke, 449 F.3d 470, 497 (2d Cir. 2006). To the extent we have suggested that a complete ban on possession of adult pornography may be over broad in some circumstances, see United States v. Cabot, 325 F.3d 384, 386 (2d Cir. 2003), Coli identifies no error, let alone plain error, in the district court's determination that this is not such a case.

We have considered Coli's other arguments on appeal and conclude that they are without merit.  Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court