United States v. Shwaryk

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of November, two thousand eleven,

Present:     JOSEPH M. McLAUGHLIN,
             ROSEMARY S. POOLER,
             BARRINGTON D. PARKER,
                      *Circuit Judges*.

---

UNITED STATES OF AMERICA,

                                                       *Appellee*,

                      -v-                                        10-3752

KEVIN SHWARYK,

                                                       *Defendant-Appellant*.

---

Appearing for Appellee:     Elizabeth S. Riker, Lisa M. Fletcher (Assistant United States
                            Attorneys, of counsel) *for* Richard S. Hartunian, United States
                            Attorney for the Northern District of New York.

Appearing for Appellant:    James P. Egan (on brief), Lisa A. Peebles, Federal Public
                            Defender, Syracuse, New York.

Appeal from the United States District Court for the Northern District of New York (Mordue, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Petitioner Kevin Shwaryk pleaded guilty to one count of possessing child pornography in violation of 18 U.S.C. §2252A. He was sentenced principally to 87 months' imprisonment and ten years' supervised release. Petitioner now appeals from the district court's September 15, 2010, order modifying the of the terms of his supervised release. On appeal, petitioner asserts the district court erred in modifying his supervised release to include two additional conditions banning (1) adult pornography as defined in 18 U.S.C § 2256(2) and (2) computer usage, if found to be contraindicated by his treatment provider. Petitioner also challenges the district court's failure to explain any of its reasoning or make any findings of fact in support of the modification. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

The government contends on appeal that there was no error in the district court's imposition of the modification and if there was such error, it was waived or forfeit. The government also contends the district court was not required to make any findings of fact in support of the modification. The latter argument is completely without merit. While it is true that the statute only explicitly requires a district court to "state in open court the reasons for its imposition of the particular sentence" at the time of sentencing, 18 U.S.C. § 3553(c), to suggest that a district court may evade this requirement when modifying the post-release supervision part of the sentence under Section 3583(e)(2) is insupportable. 18 U.S.C. § 3583(e)(2)

First, Section 3583(e)(2) itself requires that a court consider certain statutory factors before modifying the conditions of post-release supervision. We have also held that "[a] district court may impose special conditions of supervised release to the extent that they are 'reasonably related' to (i) the nature and circumstances of the offense and the history and characteristics of the defendant, and (ii) the purposes of sentencing, including the need to afford adequate deterrence, to protect the public from further crimes of the defendant, and to provide the defendant with needed training or treatment." *United States v. Germosen*, 139 F.3d 120, 131 (2d Cir. 1998) (citing U.S.S.G. § 5D1.3(b), 18 U.S.C. § 3553(a)(2), and 18 U.S.C. § 3583(d)). A defendant is entitled to reasoning on the record which would inform him and his counsel whether the special conditions of his supervised release comport with the requirements of the statute and our case law. This is no less true when the condition is imposed as a modification than when it is originally imposed. It was error for the district court to have done otherwise.

That the district court did not make its reasons for the modifications in this case clear on the record avails petitioner to the extent that we find his arguments are not forfeit or waived though he did not make a specific objection. Any objection petitioner may have had would have arisen from the failure of the modifications to comport with Section 3583(e)(2) and our case law interpreting its commands. He could not have been expected to formulate an objection to reasoning he did not (and still does not) know. Here, the petitioner refused to consent to the modifications. He requested a hearing to contest the modifications and, at the hearing, noted his objection to any modification. Having made a broad objection was sufficient in these circumstances, and the arguments he now raises were not then waived or forfeit.

2

Petitioner's objections to the modifications, however, remain unavailing, because though it is error for a district court to fail to explain its reasoning in these circumstances, the error is harmless where the reasons for the special conditions are "self-evident in the record." *United States v. Balon*, 384 F.3d 38, 41 n.1 (2d Cir. 2004). This is such a case, at least as to petitioner's challenge to the adult pornography ban condition of his supervised release. First, our circuit has broadly held that "[w]ith regard to supervised release, this 'conditional liberty' [to which those under supervised release are subject] may include, *inter alia*, a prohibition against possession of pornographic matter." *United States v. Carlton*, 442 F.3d 802, 810 (2d Cir. 2006); *see also United States v. Cabot*, 325 F.3d 384, 385 (2d Cir. 2003) (upholding a condition of supervised release forbidding possession of pornographic material). We have also upheld conditions banning adult pornography in situations analogous to petitioner's. *See United States v. Simmons*, 343 F.3d 72 (2d. Cir. 2003). On the record before us, it is clear that petitioner acted in sexually deviant ways with regards to both minors and adults, and that he did so in a manner involving making as well as viewing pornographic videotapes. It is apparent from the record that the special condition banning adult pornography bore the reasonable relationship required by our law to the nature and circumstances of the offense and to the history and characteristics of the defendant, as well as to deterrence, protection of the public, and the treatment of petitioner himself. *Germosen*, 139 F.3d at 131. It is also apparent that this condition imposes no greater restraint on liberty than is reasonably necessary to accomplish sentencing objectives. *Id*. We accordingly uphold the adult pornography condition of petitioner's supervised release.

Finally, petitioner's challenge to the special condition which would enable the district court to ban him from computer usage if it was contraindicated by his treatment provider is not yet ripe for review. "The mere possibility of future injury, unless it is the cause of some *present detriment*, does not constitute [the requisite] hardship. . . .Generally, a challenge lacks ripeness if it concerns abstract regulations or if it presents issues that might never arise." *United States v. Johnson*, 446 F.3d 272, 278-79 (2d Cir. 2006) (emphasis and alteration in original) (internal quotation marks omitted). Petitioner's treatment providers may never make the challenged determination, and the district court may never impose the ban. It is, accordingly, unripe. We do not express a view as to whether such a ban would be upheld in light of *United States v. Sofsky*, in which we struck down a condition of supervised release forbidding a defendant from use of a computer because it "inflict[ed] a greater deprivation on [his] liberty than [was] reasonably necessary. " 287 F.3d 122, 126 (2d Cir. 2002). We hold only that at this juncture such a challenge is not yet ripe.

We have examined the remainder of petitioner's arguments and find them to be without merit.

Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3