14-4643-cr(L)
United States v. Brown

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 24th day of June, two thousand sixteen.

Present:     ROSEMARY S. POOLER,
             PETER W. HALL,
             SUSAN L. CARNEY,
                  *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

                  *Appellee*,

             v.                                      14-4643-cr(L),
                                                     14-4644-cr(CON)

DERRICK JABBAR BROWN, aka ghostryder692002, aka
ghostryder692002_5,

                  *Defendant-Appellant*.

_____

Appearing for Appellant:    Yuanchung Lee, Federal Defenders of New York, New York, NY.

Appearing for Appellee:     David C. Pitluck, Assistant United States Attorney (Susan
                            Corkery, Assistant United States Attorney, *on the brief*), *for* Kelly
                            T. Currie, Acting United States Attorney for the Eastern District of
                            New York, New York, NY.

Appeal from the United States District Court for the Eastern District of New York (Townes, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgments of said District Court be and they hereby are **VACATED IN PART** and **REMANDED**.

Defendant-appellant Derrick Jabbar Brown appeals from the judgments dated October 29, 2014 and entered December 15, 2014 and December 16, 2014 in the United States District Court for the Eastern District of New York (Townes, *J.*), convicting him of possessing child pornography in violation of 18 U.S.C. § 2252(a)(4)(B) and revoking supervised release from a previous conviction for distribution of child pornography in violation of 18 U.S.C. § 2252A(a)(1), (b)(1).[1] We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

At issue here are special conditions of supervised release imposed by the district court—without any explanation—banning Brown from electronically viewing any adult pornography and from electronically viewing any images of naked children. Brown challenges these special conditions as overbroad and as not reasonably related to the pertinent sentencing factors. Because these conditions were not objected to below, we review for plain error. We may, in our discretion,

> correct an error not raised at trial only where the appellant demonstrates that (1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings.

*United States v. Marcus*, 560 U.S. 258, 262 (2010) (alteration and internal quotation marks omitted). Our Court has held that "an imposition of a sentence in violation of law would be plain error." *United States v. Eng*, 14 F.3d 165, 172 n.5 (2d Cir. 1994).

A sentencing court may impose special conditions that are reasonably related to "the nature and circumstances of the offense and the history and characteristics of the defendant;" "the need for the sentence imposed to afford adequate deterrence to criminal conduct;" "the need to protect the public from further crimes of the defendant;" and "the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner," and which "involve no greater deprivation of liberty than is reasonably necessary" for these purposes. U.S.S.G. § 5D1.3(b); *see also United States v. Myers*, 426 F.3d 117, 123-25 (2d Cir. 2005) (same). A district court's discretion to impose special conditions is not "untrammeled," however, and we will "carefully scrutinize unusual and

---

[1] We note that counts one through seven of the indictment in the prior case charged Brown with violations of 18 U.S.C. § 2252A(a)(1), (b)(1). Brown pleaded guilty to count one of the indictment. However, in an apparent typographical error, the judgment stated that he was adjudicated guilty of 18 U.S.C. § 2252(a)(2), a crime with which he was never charged.

severe conditions." *Myers*, 426 F.3d at 124 (internal quotation marks omitted). Further, in cases involving bans on the viewing of pornography or images of naked children, we must be mindful of the First Amendment protections that may apply. *See United States v. X-Citement Video, Inc.*, 513 U.S. 64, 72 (1994) ("[N]onobscene, sexually explicit materials involving persons over the age of 17 are protected by the First Amendment."); *United States v. Kelly*, 677 F.3d 373, 376 (8th Cir. 2012) (assuming the existence of a "First Amendment interest in viewing and possessing photographic depictions of child nudity" (internal quotation marks omitted)).

A district court is required to make an individualized assessment when determining whether to impose a special condition of supervised release and to state on the record the reason for imposing it; the failure to do so is plain error. In the absence of such an explanation, we may uphold the condition imposed only if the district court's reasoning is "self-evident in the record." *United States v. Balon*, 384 F.3d 38, 41 n.1 (2d Cir. 2004); *see also United States v. Martinez-Torres*, 795 F.3d 1233, 1237-38 (10th Cir. 2015); *United States v. Medina*, 779 F.3d 55, 62-64 (1st Cir. 2015); *United States v. Kelly*, 625 F.3d 516, 519-20 (8th Cir. 2010); *United States v. Perazza-Mercado*, 553 F.3d 65, 78-79 (1st Cir. 2009); *United States v. Voelker*, 489 F.3d 139, 144 (3d Cir. 2007). It is clear that the special conditions imposed, or indeed, even stricter conditions, may be appropriate in this case or other cases involving child pornography. *See, e.g.*, *United States v. Carlton*, 442 F.3d 802, 810 (2d Cir. 2006). But it is also clear that the conditions must be "reasonably related" to the sentencing objectives, *United States v. Reeves*, 591 F.3d 77, 81 (2d Cir. 2010), and it is not the case that restrictions on the electronic viewing of legal pornography or images of naked children would always be reasonably related to the relevant sentencing objectives in child pornography cases.

Having reviewed the record, we conclude that it reflects no nexus between the sentencing goals and the special conditions imposed that self-evidently supports the conditions at issue. The government suggests that the following evidence serves as sufficient nexuses for the conditions: that Brown had a large collection of legal adult pornography, in addition to having a large collection of child pornography; that Brown stored child pornography on the same devices and in the same folders as he stored adult pornography and child erotica; and that Brown possessed child pornography depicting adults sexually assaulting children. Although these nexuses may well support the challenged conditions if the district court explains why it believes the special conditions are reasonably related to the sentencing goals, they do not in the absence of such explanation. It is not self-evident from the record that collecting large quantities of legal and constitutionally-protected pornography or storing adult pornography and child erotica in the same location as child pornography necessarily means that Brown's viewing of adult pornography or child erotica is linked to his likelihood of recidivism, or any other sentencing goal. In light of the total absence of explanation from the district court for imposing these special conditions, and because the relationship between these special conditions and the sentencing goals is not "self-evident in the record," *Balon*, 384 F.3d at 41 n.1, we vacate these special conditions and remand to the district court for further proceedings consistent with this order.

We have considered the remainder of Brown's arguments and find them to be without merit. Accordingly, the judgments of the district court hereby are VACATED IN PART, and the case is REMANDED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk