17-2149-cr
*United States v. Savastio*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of June, two thousand nineteen.

Present:
> DEBRA ANN LIVINGSTON,
> GERARD E. LYNCH,
> RICHARD J. SULLIVAN,
> *Circuit Judges.*

---

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                                                          17-2149

JOSEPH A. SAVASTIO,

> *Defendant-Appellant.*

---

For Appellee:                                  Paul D. Silver, *for* Grant C. Jaquith, United States Attorney for the Northern District of New York, Syracuse, NY.

For Defendant-Appellant:            Arthur R. Frost, Frost & Kavanaugh, P.C., Troy, NY.

1

Appeal from a July 5, 2017 judgment of the United States District Court for the Northern District of New York (McAvoy, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Joseph A. Savastio ("Savastio") previously pled guilty to possession of child pornography, in violation of 18 U.S.C. § 2252A, on two separate occasions: first in 2000 and then again in 2009. After completing a prison sentence in connection with the 2009 guilty plea, Savastio commenced a term of supervised release on January 21, 2017. On June 15, 2017, the Probation Office filed a petition alleging that Savastio had violated several special conditions of that supervised release by (1) using and possessing Internet-capable devices outside of Probation Office supervision; (2) entering a public library, where children under 18 were likely to congregate; and (3) possessing adult pornography. On June 28, 2017, the district court (McAvoy, *J.*) sentenced Savastio principally to a nine-month term of imprisonment to be followed by a life term of supervised release. The district court entered judgment against Savastio on July 5. A panel of this Court denied Savastio's counsel's *Anders* motion, Motion Order, No. 17-2149 (2d Cir. June 8, 2018), ECF No. 52, and this timely appeal followed. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## Discussion

On appeal, Savastio limits his challenge to three special conditions that the district court imposed on his supervised release. Those three conditions provide as follows:

> 6. You must not use or possess any computer, data storage device, or any internet capable device unless you participate in the Computer and Internet Monitoring Program (CIMP), or unless authorized by the Court or the U.S. Probation Office. If placed in the CIMP, you must comply with all of the rules of the program and pay the costs associated with the program. The U.S. Probation Office may use

2

and/or install any hardware or software system that is needed to monitor your use of a computer or internet capable device. You must permit the U.S. Probation Office to conduct periodic, unannounced examinations of any computer equipment, including any data storage device, and internet capable device you use or possesses [sic]. This equipment may be removed by the U.S. Probation Office or their designee for a more thorough examination. You may be limited to possessing one personal internet capable device to facilitate the U.S. Probation Office's ability to effectively monitor your internet related activities.

[. . .]

8. While in treatment and for the remainder of the term of supervision following completion of treatment, you must not view, possess, own, subscribe to or purchase any material, including pictures, videotapes, films, magazines, books, telephone services, electronic media, computer programs, or computer services that depict sexually explicit conduct, as defined in 18 U.S.C. § 2256(2).

9. Your internet use will be limited and/or restricted under conditions to be set by the U.S. Probation Office in accordance with their Computer and Internet Monitoring Program. Such internet restriction may include a limitation of your daily internet use and/or the ban of certain websites, applications, chat rooms, or other internet activities as determined by the U.S. Probation Office. These determinations will be based upon an evaluation of your risk and needs, along with consideration of the factors outlined in 18 U.S.C. § 3553(a).

App. 46–47. For purposes of this summary order, we refer to special conditions 6 and 9 as the "Internet Conditions" and special condition 8 as the "Pornography Condition."

Savastio failed to object to these special conditions before the district court. Where a defendant with notice does not object to the special conditions of his supervised release before the district court, this Court reviews those conditions for plain error. *See, e.g.*, *United States v. Matta*, 777 F.3d 116, 121 (2d Cir. 2015). To meet the plain error standard, Savastio must show that:

(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.

*United States v. Wagner-Dano*, 679 F.3d 83, 94 (2d Cir. 2012) (quoting *United States v. Marcus*, 560 U.S. 258, 262 (2010)). "[R]eversal for plain error should 'be used sparingly, [and] solely in

3

those circumstances in which a miscarriage of justice would otherwise result.'" *United States v. Villafuerte*, 502 F.3d 204, 209 (2d Cir. 2007) (quoting *United States v. Frady*, 456 U.S. 152, 163 n.14 (1982)).

A sentencing court may impose special conditions of supervised release that are reasonably related to (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) "the need for the sentence imposed to afford adequate deterrence to criminal conduct"; (3) "the need to protect the public from further crimes of the defendant"; and (4) "the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." U.S.S.G. § 5D1.3(b); *see also United States v. Myers*, 426 F.3d 117, 123–25 (2d Cir. 2005). The special conditions must "'involve[] no greater deprivation of liberty than is reasonably necessary' to implement the statutory purposes of sentencing, and [be] consistent with pertinent Sentencing Commission policy statements." *Myers*, 426 F.3d at 123–24 (quoting 18 U.S.C. § 3583(d)).

## A. The Internet Conditions

In challenging the Internet Conditions, Savastio argues that "the terms the court below imposed would ban Mr. Savastio from . . . using the internet (likely including email) for the remainder of his life." Savastio Br. 13. That is incorrect. The district court merely imposed *conditions* on Savastio's Internet use, namely, that he either "participate in the Computer and Internet Monitoring Program (CIMP)" or that he receive authorization from the district court or the Probation Office in order to access the Internet. App. 46. The limitation to one Internet-capable device was also imposed in order to "facilitate the U.S. Probation Office's ability to effectively monitor [Savastio's] internet related activities." App. 46. In light of Savastio's history of accessing child pornography over the Internet and his prior violations of supervised release, we

4

conclude that these conditions were reasonably related to, *inter alia*, "the history and characteristics of the defendant." U.S.S.G. § 5D1.3(b).

Properly characterized, the Internet Conditions reflect a computer monitoring requirement that we have previously approved under similar circumstances in *United States v. Browder*, 866 F.3d 504 (2d Cir. 2017). In that case, we upheld a special condition requiring that a child pornography defendant "shall participate in the Computer/Internet Monitoring Program administered by the U.S. Probation Office," *id.* at 509, finding that condition "'reasonably related' to the nature and circumstances of the offense and Browder's history and characteristics," *id.* at 512. If a child pornography defendant can be *required* to participate in a computer monitoring program, it follows *a fortiori* that his Internet access can be conditioned on such participation. For similar reasons, this case does not fall within the ambit of *United States v. Sofsky*, 287 F.3d 122 (2d Cir. 2002), or *United States v. Eaglin*, 913 F.3d 88 (2d Cir. 2019), both of which rejected special conditions that altogether prohibited the defendant from accessing the Internet without the specific approval of his probation officer. *See Sofsky*, 287 F.3d at 124; *Eaglin*, 913 F.3d at 94.

We also reject Savastio's attempt to rely on the principles articulated in *Packingham v. North Carolina*, 137 S. Ct. 1730 (2017). That case invalidated a North Carolina *statute* that subjected registered sex offenders to criminal penalties for accessing "commonplace social media websites like Facebook and Twitter." *Id.* at 1733. The Supreme Court explicitly linked its holding to "the troubling fact that the law imposes severe restrictions on persons who already have served their sentence and are no longer subject to the supervision of the criminal justice system." *Id.* at 1737. Savastio, by contrast, remains subject to supervised release. Moreover, nothing in the Internet Conditions suggests that the Probation Office will use them to impose an outright ban on Savastio's access to all forms of social media. *Packingham* is thus inapposite. For the

5

aforementioned reasons, we conclude that the district court did not err in imposing the Internet Conditions. At a minimum, those conditions do not constitute an error that "is clear and obvious, rather than subject to reasonable dispute," let alone one that "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Wagner-Dano*, 679 F.3d at 94.

## B. The Pornography Condition

Savastio also challenges the special condition prohibiting his access to adult pornography. The "conditional liberty" to which offenders on supervised release are subject "may include, *inter alia*, a prohibition against possession of pornographic matter." *United States v. Carlton*, 442 F.3d 802, 810 (2d Cir. 2006); *see also United States v. Cabot*, 325 F.3d 384, 385–86 (2d Cir. 2003) (upholding a special condition prohibiting the possession of pornographic material). We have previously affirmed special conditions prohibiting a defendant from accessing adult pornography in a number of cases. *See, e.g.*, *United States v. Springer*, 684 F. App'x 37, 40 (2d Cir. 2017) (summary order); *United States v. Lombardo*, 546 F. App'x 49, 51 (2d Cir. 2013) (summary order); *United States v. Coli*, 425 F. App'x 51, 52 (2d Cir. 2011) (summary order); *United States v. Shwaryk*, 448 F. App'x 106, 108–09 (2d Cir. 2011) (summary order). Given Savastio's history of pornography-related crimes, we find no plain error in the district court's imposition of a similar condition here.

Savastio argues that a district court cannot impose a special condition prohibiting a defendant from accessing adult pornography without making specific factual findings in support of that condition. *See Eaglin*, 913 F.3d at 100. Even assuming *arguendo* Savastio's premise, the district court *did* make such findings here. The district court specifically noted Savastio's "urge . . . to be around things that you shouldn't be around, sexual actions by children and adults and looking at the adults leads back to the child pornography viewing and that's why these provisions

6

are put into your supervised release conditions." App. 33. To the extent that Savastio argues that this finding was insufficiently detailed or specific, given the absence of objection, we find no error that "is clear and obvious, rather than subject to reasonable dispute," let alone one that "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Wagner-Dano*, 679 F.3d at 94.

*     *     *

We have considered all of Savastio's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7