*United States v. Williams*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7ᵗʰ day of December, two thousand twenty.

Present:
>JOHN M. WALKER, JR.,
>ROBERT A. KATZMANN,
>JOSEPH F. BIANCO,
>>*Circuit Judges*.

---

UNITED STATES OF AMERICA,

    *Appellee*,

    v.                                     19-3014

BRUCE W. WILLIAMS,

    *Defendant-Appellant*.

---

For Appellee: | Shira Hoffman, Geoffrey J.L. Brown, Assistant United States Attorneys, *for* Antoinette T. Bacon, Acting United States Attorney for the Northern District of New York, Plattsburgh, NY.

For Defendant-Appellant: | Molly K. Corbett, Assistant Federal Public Defender, *for* Lisa Peebles, Federal Public Defender, Albany, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (McAvoy, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED IN PART**, and the case is **REMANDED**.

Defendant-appellant Bruce Williams appeals from a judgment of conviction entered on September 11, 2019 by the United States District Court for the Northern District of New York (McAvoy, *J.*) imposing a sentence consisting principally of 240 months' imprisonment and a lifetime term of supervised release after Williams pleaded guilty to one count of distribution of child pornography and one count of receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A) and (b)(1). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Williams challenges the district court's imposition of a special condition of supervised release restricting his access to sexually explicit material, including otherwise legal adult pornography, as overbroad and not reasonably related to the pertinent sentencing factors in his case.[1] Because Williams did not object to this special condition below, we review his claim for

---

[1] Williams challenges the district court's imposition of special condition 10, which provides: "While in treatment and for the remainder of the term of supervision following completion of treatment, you must not view, possess, own, subscribe to or purchase any material, including pictures, videotapes, films, magazines, books, telephone services, electronic media, computer programs, or computer services that depict sexually explicit conduct, as defined in 18 U.S.C. § 2256(2)."

plain error.[2] *See United States v. Matta*, 777 F.3d 116, 121 (2d Cir. 2015). A finding of plain error requires that "(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Marcus*, 560 U.S. 258, 262 (2010).[3]

A ban on the possession of otherwise legal adult pornography is an "unusual and severe condition[]" which "merit[s] our close examination." *United States v. Eaglin*, 913 F.3d 88, 95 (2d Cir. 2019). In *Eaglin*, we held that "bans on possession of adult pornography as a condition of supervised release . . . must be supported on the record by detailed factual findings establishing that the proposed ban is reasonably related to the sentencing factors set forth in 18 U.S.C. § 3553(a) and that it is reasonably necessary to accomplish their objectives," in part because non-obscene adult pornography is protected by the First Amendment. *Eaglin*, 913 F.3d at 99; *see United States v. X-Citement Video, Inc.*, 513 U.S. 64, 72 (1994). Moreover, "a condition prohibiting access to adult pornography must . . . impose no greater deprivation of liberty than reasonably necessary." *Eaglin*, 913 F.3d at 99. In the absence of the required detailed factual findings, we may uphold the condition imposed only if the district court's reasoning is "self-evident in the record." *United States v. Betts*, 886 F.3d 198, 202 (2d Cir. 2018). We have

---

[2] While we have applied a "relaxed" form of plain error review in rare cases "in which the defendant lacked sufficient prior notice that a particular condition of supervised release might be imposed," we see no reason to do so here because special condition 10 was included in the pre-sentence investigation report, which Williams reviewed with counsel prior to sentencing. *United States v. Matta*, 777 F.3d 116, 121 (2d Cir. 2015); *see United States v. Dupes*, 513 F.3d 338, 343 n.2 (2d Cir. 2008).

[3] Unless otherwise indicated, in quoting cases, we omit all internal citations, quotation marks, footnotes, and alterations.

held that a district court's failure to make the required findings constitutes plain error. *See*

*United States v. Denno*, No. 19-2999-cr, 2020 WL 6303387, at *2 (2d Cir. Oct. 28, 2020);

*United States v. Brown*, 653 F. App'x 50, 52 (2d Cir. 2016).

We respectfully conclude that the district court did not adequately support its imposition

of a lifetime prohibition on Williams's access to otherwise legal adult pornography. The district

court did not explain why such a ban was reasonably related to the sentencing factors set forth in

18 U.S.C. § 3553(a), as required. Nor did it explain why the special condition imposed no greater

deprivation of liberty than was reasonably necessary. It merely stated, in general terms, that

Williams must comply with all eleven special conditions of release because it found that they

"are necessary and justified in this case based on the nature of the instant offense, as well as [his]

history and characteristics as outlined in detail in the presentence investigation report." J.A. 91–

92. This general explanation is insufficient to justify a complete ban on all sexually explicit

material under our precedent. *See Eaglin*, 913 F.3d at 95, 99 (finding "general" references to the

public interest and the need to protect the community insufficient to justify imposition of adult

pornography ban).

Nor is the rationale for a lifetime ban on all sexually explicit material, including

otherwise legal adult pornography, self-evident from the record. The government points to parts

of the record indicating that Williams searched the internet for "sadistic" adult pornography and

argues that "[r]ecord evidence that Williams emulated the criminal conduct depicted in his child

pornography demonstrates a self-evident risk that he could likewise emulate criminal conduct

depicted in adult pornography." Appellee's Br. 17, 21. While these parts of the record could

support an adequate explanation for imposing the challenged condition, they do not compel the

4

finding that the district court's rationale for imposing the challenged condition is "self-evident."[4]

Absent further explanation, it is not self-evident from the record, which centers on Williams's possession of large amounts of child pornography and his conduct with children, why a prohibition on viewing of adult pornography is connected to the sentencing factors and imposes no greater deprivation of liberty than reasonably necessary. We therefore vacate special condition 10 and remand to the district court for further consideration of whether such a condition is necessary and, if so, to make the requisite "detailed factual findings." *Eaglin*, 913 F.3d at 99. We emphasize that we do not conclude here that the special condition could not be supported, only that the district court under our precedent needs to be more explicit as to its rationale.

For the foregoing reasons, the judgment of the district court is **VACATED IN PART**, and the case is **REMANDED** for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[4] The government's citation to this Court's non-precedential decisions in *United States v. Adams*, 749 F. App'x 25, 27–28 (2d Cir. 2018) and *United States v. Shwaryk*, 448 F. App'x 106, 108–09 (2d Cir. 2011), are unavailing. In each case, we found that the district court's reasoning for imposing the challenged condition was self-evident because the defendant had acted in sexually deviant ways towards both minors *and* adults. *Adams*, 749 F. App'x at 28; *Shwaryk*, 448 F. App'x at 108. The record does not indicate that the same is true here.