*United States v. Valle*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of November, two thousand twenty-four.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge,*
> PIERRE N. LEVAL,
> ALISON J. NATHAN,
> *Circuit Judges,*

_____

UNITED STATES OF AMERICA,

*Appellee,*

v.                                                                          23-7024

JORDAN VALLE, AKA JORDAN BRUCE VALLE,

*Defendant-Appellant.*

_____

| | |
|---|---|
| For Appellee: | JOSHUA ROTHENBERG, (Michael D. Gadarian, *on the brief*), Assistant United States Attorneys, *on behalf of* Carla B. Freedman, United States Attorney for the Northern District of New York, Syracuse, N.Y. |
| For Defendant-Appellant: | SARAH KUNSTLER, Law Offices of Sarah Kunstler, Brooklyn, N.Y. |

Appeal from a judgment of the United States District Court for the Northern District of New York (Nardacci, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Jordan Valle ("Valle") appeals from a judgment entered by the United States District Court for the Northern District of New York (Nardacci, *J.*) on August 18, 2023, convicting him, upon his guilty plea, of sexual exploitation of a child, 18 U.S.C. § 2251(a), and possession of child pornography, 18 U.S.C. § 2252A(a)(5)(B), and sentencing him principally to 360 months' imprisonment. On appeal, Valle asserts that the district court erred by failing to *sua sponte* order a hearing on his competence to plead guilty. In addition, he challenges the plea proceedings, the reasonableness of his sentence, and a special condition of his supervised release preventing him from accessing any depictions of sexually explicit conduct as defined in 18 U.S.C. § 2256(2). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, which we reference only as necessary to explain our decision to **AFFIRM**.

**1. The Plea Proceedings**

a) Valle's Competency

At the start, Valle asserts that the district court erred by failing to *sua sponte* order a hearing on his competency before accepting his guilty plea or sentencing him. We review a district court's decision not to hold a competency hearing under an abuse of discretion standard. *United States v. Quintieri*, 306 F.3d 1217, 1232–33 (2d Cir. 2002); *United States v. Vamos*, 797 F.2d 1146, 1150 (2d Cir. 1986). The Due Process Clause prohibits the criminal prosecution of a defendant who is not competent to stand trial. *Medina v. California*, 505 U.S. 437, 439 (1992). A district court must order a hearing to determine the mental competence of a defendant "if there is

reasonable cause" to believe that the defendant is "suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." *Quintieri*, 306 F.3d at 1232 (quoting 18 U.S.C. § 4241(a)). According to Valle, the district court had reasonable cause to question his competence based, *inter alia*, on his mother's assertions that he was not able to make decisions for himself, his lawyer's discussion of his impulsivity, his *pro se* letters displaying low cognitive capacity and delusional thinking, and the court's awareness of his abnormally low IQ. For the following reasons, we disagree.

A defendant is competent if he has a sufficient ability to consult with his attorney "with a reasonable degree of rational understanding" and maintains "a rational as well as factual understanding of the proceedings against him." *United States v. Oliver*, 626 F.2d 254, 258 (2d Cir. 1980) (internal citations and marks omitted); *see Vamos*, 797 F.2d at 1150. By contrast, a defendant is not competent when "he lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense." *Drope v. Missouri*, 420 U.S. 162, 171 (1975); *United States v. Kerr*, 752 F.3d 206, 215 (2d Cir. 2014). A court may assess the need for a competency hearing based, *inter alia*, on its observations during the proceedings. *Vamos*, 797 F.2d at 1150–51; *see also, e.g.*, *United States v. Sovie*, 122 F.3d 122, 128 (2d Cir. 1997) (affirming the denial of a psychiatric examination where the district court observed the defendant participate in his defense). Determining whether reasonable cause exists is "a highly particularized assessment that 'varies in each case.'" *United States v. DiMartino*, 949 F.3d 67, 71 (2d Cir. 2020) (quoting *United States v. Zhou*, 428 F.3d 361, 379 (2d Cir. 2005)).

Here, the district court did not abuse its discretion by failing to order a competency hearing *sua sponte*. Although Valle's cognitive limitations were made known to the district court, it

3

encountered ample evidence that Valle could understand the proceedings against him. *See Kerr*, 752 F.3d at 216–17. He answered questions cogently and succinctly, and he repeatedly affirmed his understanding of the proceedings, both in-person and in his letters to the court, in which he discussed his right to a lawyer, protective custody, sentencing procedures, and standby counsel. *Compare Oliver*, 626 F.2d at 258 (holding a district court did not abuse its discretion where a defendant gave responsive answers throughout the proceedings that "evidenced no confusion or lack of understanding"), *with Saddler v. United States*, 531 F.2d 83, 86 (2d Cir. 1976) (finding abuse of discretion where a defendant had an extensive mental health history and was incoherent during hearings). Indeed, Valle's attorney confirmed that his client was able to discuss the case and could assist in preparation of his case. *See United States v. Kirsh*, 54 F.3d 1062, 1070–71 (2d Cir. 1995); *Harris v. Kuhlmann*, 346 F.3d 330, 354–55 (2d Cir. 2003). In light of this evidence, the district court did not abuse its discretion .

b) Factual Basis for the Plea

Valle next argues that the district court failed to establish a factual basis for his plea. Fed. R. Crim. P. 11(b)(3).[1] To accept a plea, a district court must determine whether, based on the facts at hand, the offense conduct meets "the elements of the statute under which the defendant seeks to plead guilty." *United States v. Aybar-Peguero*, 72 F.4th 478, 483 (2d Cir. 2023). In so doing, the district court need not rely "solely on the defendant's own admissions," and may also consider answers from the attorneys, as well as any facts at its disposal. *United States v. Maher*,

---

[1] Valle also suggests that the district judge improperly accepted his waiver of indictment and guilty plea before engaging in the requisite colloquies required, respectively by Rule 7 and Rule 11 of the Federal Rules of Criminal Procedure. These allegations plainly contradict the record. Consistent with Rule 7(b), the district court informed Valle of the nature of the charges and his rights as to indictment by a grand jury before accepting his waiver. And the district court properly accepted Valle's plea only after outlining all the rights he was waiving by not going to trial. *Compare* Fed. R. Crim. P. 11(b), *with* A.R. 59–79.

108 F.3d 1513, 1524–25 (2d Cir. 1997); *United States v. Smith*, 160 F.3d 117, 121 (2d Cir. 1998). Here, because Valle did not object to the district court's procedure in taking his plea, we review the district court's actions under the plain error standard. *United States v. Osuba*, 67 F.4th 56, 65 (2d Cir. 2023). We discern no error, much less error that is plain.

To determine the factual basis for Valle's plea, the district court asked the government to summarize what it would prove at trial. The government outlined the elements it would prove, and the district court then inquired of the defendant: "Is that what you did and what occurred in this case?" Valle responded, "Yes, your honor." Valle's attorney confirmed that this was also his understanding. Thus, contrary to what Valle now asserts, he *did* admit to the conduct in the plea—and did so repeatedly through "yes" and "no" answers. A.R. 65–71. We have found this method of inquiry acceptable to find a factual basis for a plea. *Smith*, 160 F.3d at 121 (noting a district court need not elicit detailed responses from the defendant); *United States v. Torrellas*, 455 F.3d 96, 103–04 (2d Cir. 2006) (concluding "yes" or "no" answers by the defendant were sufficient to accept a factual basis for a plea).[2] The district court thus had ample evidence with which to independently assess the factual basis for the plea, and it did so consistent with our precedent. Accordingly, there was no plain error.

**2. Valle's Sentence**

---

[2] *See also Godwin v. United States*, 687 F.2d 585, 590 (2d Cir. 1982) (reasoning that "reading of the indictment to the defendant coupled with his admission of the acts described in it [is] a sufficient factual basis for a guilty plea, as long as the charge is uncomplicated, the indictment detailed and specific, and the admission unequivocal"); *Fama v. United States*, 901 F.2d 1175, 1177 (2d Cir. 1990) (same); *Maher*, 108 F.3d at 1524; *United States v. Graziano*, 306 F. App'x 693, 695 (2d Cir. 2009) (finding no abuse of discretion where the defendant "agreed with the prosecutor's statements about what the government would prove at trial . . . and he admitted that he had downloaded the images discovered on his computer from the internet"); *United States v. Yingst*, 623 F. App'x 17, 19 (2d Cir. 2015) (concluding a district court did not plainly err where the government "extensively detailed the proof it would have submitted" at trial and the defendant then "repeatedly admitted his guilt").

Valle challenges his sentence as both procedurally and substantively unreasonable. As relevant here, a sentence is procedurally unreasonable if a district court fails adequately to explain the chosen sentence. *United States v. Singh*, 877 F.3d 107, 115 (2d Cir. 2017); *Peugh v. United States*, 569 U.S. 530, 537 (2013). We will set aside a sentence as substantively unreasonable only in "exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (internal citation and marks omitted); *see also United States v. Fuller*, 426 F.3d 556, 562 (2d Cir. 2005). That an appellate court "might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Gall v. United States*, 552 U.S. 38, 51 (2007).

Turning first to Valle's claim that the district court erred procedurally in imposing the sentence, we review Valle's unpreserved challenge to the district court's explanation under the plain error standard. *United States v. Davis*, 82 F.4th 190, 196 (2d Cir. 2023); *United States v. Broxmeyer*, 699 F.3d 265, 279 (2d Cir. 2012). Valle contends that the district court needed to provide a more detailed explanation as to why it chose concurrent 360-month and 240-month terms of imprisonment on the child exploitation and possession of child pornography counts, respectively, given the 420-month spread between the mandatory minimum sentence of 180 months to which Valle was exposed and the maximum of 600 months to which he could have been sentenced. For the following reasons, we disagree.

As we have said before, this Court has "never required a district court to explain in open court why any particular unselected sentence would be inappropriate," but asks, instead, that the court identify the considerations "driving the selection of the sentence that was actually imposed." *United States v. Rosa*, 957 F.3d 113, 118 (2d Cir. 2020). And a court's explanations may be "brief," *Rita v. United States*, 551 U.S. 338, 357 (2007), so long as they provide an appellate court

6

with enough explanation to conduct a meaningful review, *Cavera*, 550 F.3d at 193.

Here, the district court did not err, much less plainly err, in explaining its justifications for Valle's sentence. The record is clear that the district court considered the evidence and arguments presented by both sides. The court discussed Valle's engagement with faith and desire to take college courses, which it credited as positive. At the same time, it found Valle's conduct "manipulative" and "egregious." A.R. 107. "In light of the defendant's conduct," the court concluded that its sentence would reflect the crime's severity, promote respect for law, provide just punishment, deter criminal conduct, and protect the public. A.R. 109. Thus, the court engaged explicitly and extensively on the record in balancing the relevant sentencing factors, clearly finding that the egregiousness of Valle's conduct outweighed mitigating factors.[3] *See United States v. Pattee*, 820 F.3d 496, 512 (2d Cir. 2016). It therefore did not plainly err. *See United States v. Villafuerte*, 502 F.3d 204, 211–12 (2d Cir. 2007); *see also Rosa*, 957 F.3d at 118 (finding error when district court failed to provide "any explanation" and "did not adopt the PSR in open court, which this Court has held can satisfy § 3553(c)'s requirement of an in-court explanation").

Valle's attack on the substantive unreasonableness of his sentence is similarly unavailing. Although his sentence was below the Guidelines sentence of 50 years, he contends it should have been closer to the mandatory minimum, considering his mitigating factors. *See* 18 U.S.C. § 3553(a). Reversal is warranted where "the sentence imposed was shockingly high, shockingly low, or otherwise unsupportable as a matter of law." *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009). In the "overwhelming majority of cases," a sentence that falls within the

---

[3] Valle contends that the court was silent as to his intellectual disability. In fact, the district court discussed Valle's "lack of criminal history or prior arrests, his substance abuse history, and his mental health status, which includes challenges relating to his mental capacity and faculties." A.R. 108.

Guidelines will lie "comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *United States v. Friedberg*, 558 F.3d 131, 137 (2d. Cir. 2009) (internal citation and marks omitted); *United States v. Wagner-Dano*, 679 F.3d 83, 95 (2d Cir. 2012). It is therefore "difficult to find that a below-Guidelines sentence is unreasonable." *United States v. Alcius*, 952 F.3d 83, 89 (2d Cir. 2020) (internal citation and marks omitted). This Court will "set aside a district court's *substantive* determination only in exceptional cases where the trial court's decision 'cannot be located within the range of permissible decisions.'" *Cavera*, 550 F.3d at 189 (quoting *Rigas*, 490 F.3d at 238). We cannot conclude that Valle's sentence falls outside this range.

Here, Valle was involved in the *production* of child pornography, which is "extremely serious and ordinarily warrant[s] significantly harsher punishment than possession or even distribution offenses." *United States v. Muzio*, 966 F.3d 61, 65 (2d Cir. 2020); *Pattee*, 820 F.3d at 512. Valle had frequent, harmful contact with children virtually, coercing them to produce sexually explicit images—which he then circulated. In light of the egregiousness of Valle's conduct, his below-Guidelines sentence does not shock the conscious, nor is it one that "cannot be located within the range of permissible decisions." *Cavera*, 550 F.3d at 189 (citation omitted); *see also Alcius*, 952 F.3d at 88; *Friedberg*, 558 F.3d at 136–37. We conclude that Valle's sentence falls within the wide range available to the district court to address the factors specified in 18 U.S.C. § 3553(a), particularly the seriousness of the crime and the need for deterrence. *Pattee*, 820 F.3d at 512–13.

**3. Special Conditions of Supervised Release**

Finally, Valle challenges Condition 10 of his supervised release, which prevents him from

8

having any exposure to pornography.[4] District courts must "make an individualized assessment" in imposing a special condition of supervised release and "state on the record the reason for imposing it." *United States v. Betts*, 886 F.3d 198, 202 (2d Cir. 2018). Prohibitions on access to adult pornography "must be supported on the record by detailed factual findings establishing that the proposed ban is reasonably related to the sentencing factors" in 18 U.S.C. § 3553(a) and "is reasonably necessary to accomplish their objectives." *United States v. Eaglin*, 913 F.3d 88, 99 (2d Cir. 2019); *see also United States v. Cabot*, 325 F.3d 384, 385–86 (2d Cir. 2003). Here, Valle did not challenge the imposition of Condition 10 at sentencing. Accordingly, we review this challenge under the plain error standard.[5]

We discern no error here, much less error that is plain. The district court made detailed factual findings explaining why a ban on all pornography was important in this case, based on the sentencing factors. The court noted that exposure to *any* pornography would be "contradictory" to Valle's rehabilitation and could lead to "high-risk behavior, continued sexual deviance, [and] unreasonable expectations in sexual relationships." A.R. 112–13. This limitation, the court added, would deter and limit Valle from committing further offenses.[6] *See United States v.*

---

[4] A district court may impose special conditions on supervised release so long as they reasonably relate to "A) the nature and circumstances of the offense and the history and characteristics of the defendant; (B) the need for the sentence imposed to afford adequate deterrence to criminal conduct; (C) the need to protect the public from further crimes of the defendant; and (D) the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." U.S.S.G. § 5D1.3(b). These conditions must involve "no greater deprivation of liberty than is reasonably necessary for the purposes set forth." *Id.*

[5] The government contends that Valle waived his argument regarding this special condition of supervised release rather than merely forfeiting it. We need not address that argument because, even assuming Valle did *not* waive this argument, the district court did not plainly err.

[6] Additionally, given that Valle's offenses centered on video depictions of child sexual acts, it was

9

*Hennelly*, No. 21-3080-CR, 2022 WL 17481625, at \*2 (2d Cir. Dec. 7, 2022); *United States v. Gurbey*, No. 21-1012-CR, 2022 WL 839283, at \*2 (2d Cir. Mar. 22, 2022). The district court specifically noted, moreover, that the special conditions are subject to change "as deemed necessary based upon the risk and needs of the defendant, the recommendation of the treatment provider, and changes in technology," and that Valle was able to challenge these conditions upon his release. A.R. 110–13; *see also Hennelly*, 2022 WL 17481625, at \*3. In sum, the record demonstrates that there was a sufficient basis for the district court to impose the special condition on Valle's supervised release and that the district court did not plainly err.

* * *

We have considered Valle's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

reasonable for the district court to draw a connection between viewing sexually explicit material and Valle's criminal behavior. *See United States v. Bilyou*, No. 20-3675, 2021 WL 5121135, at \*1–2 (2d Cir. Nov. 4, 2021); *United States v. Simmons*, 343 F.3d 72, 82 (2d Cir. 2003) (affirming a similar condition on such grounds); *United States v. Shwaryk*, 448 Fed. Appx. 106, 108 (2d Cir. 2011).

10