23-6097
*United States v. Gladle*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of April, two thousand twenty-four.

PRESENT:
> DENNIS JACOBS,
> RICHARD J. SULLIVAN,
> EUNICE C. LEE,
> > *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

> *Appellee*,

> v.

THOMAS GLADLE,

> *Defendant-Appellant.*\*

No. 23-6097

_____

\* The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

For Defendant-Appellant: Melissa A. Tuohey, Assistant Federal Public Defender, Office of the Federal Public Defender, Syracuse, NY.

For Appellee: Rajit S. Dosanjh, Assistant United States Attorney, *for* Carla B. Freedman, United States Attorney for the Northern District of New York, Syracuse, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Glenn T. Suddaby, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the January 23, 2023 judgment of the district court is **AFFIRMED** in part and **VACATED** and **REMANDED** in part.

Thomas Gladle appeals from a judgment following his guilty plea to receiving child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A), and possessing child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), for which he received a sentence of 120 months' imprisonment. On appeal, Gladle argues that his 120-month term of imprisonment was substantively unreasonable and that the district court erred by imposing a special condition of supervised release that prohibited him from accessing the internet unless permitted by the court. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

*First*, Gladle argues that his 120-month sentence was substantively unreasonable because it was "derived from the irrational Guideline found in U.S.S.G. § 2G2.2," and "failed to properly account for [his] serious chronic medical conditions." Gladle Br. at 14–15. We review the substantive reasonableness of a district court's sentence "under a deferential abuse-of-discretion standard." *United States v. Degroate*, 940 F.3d 167, 174 (2d Cir. 2019) (internal quotation marks omitted). We will set aside a district court's sentence as substantively unreasonable "only in exceptional cases where its decision cannot be located within the range of permissible decisions." *United States v. Aumais*, 656 F.3d 147, 151 (2d Cir. 2011) (alterations and internal quotation marks omitted). In other words, we will set aside only those sentences that are "so shockingly high, shockingly low, or otherwise unsupportable as a matter of law that allowing them to stand would damage the administration of justice." *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012) (internal quotation marks omitted).

We reject Gladle's argument that the district court's 120-month sentence was substantively unreasonable. As to Gladle's first contention, there is nothing in the record to suggest that the district court failed to carefully consider the Guidelines

3

in determining Gladle's Guidelines range.[1]  Indeed, the district court adopted the Guidelines calculation set forth in the presentence investigation report ("PSR") without objection from either party and then varied substantially downward from the low end of that range – 151 months – in imposing sentence.  *See United States v. Caraher*, 973 F.3d 57, 64–65 (2d Cir. 2020) (explaining that, while "[w]e apply the child pornography guidelines with great care in order to prevent the imposition of unreasonable sentences," we do not "require courts to disregard the guidelines entirely" (internal quotation marks omitted)); *United States v. Muzio*, 966 F.3d 61, 64 (2d Cir. 2020) (rejecting the proposition that, under this Court's precedents, "any sentence for child pornography above the mandatory minimum is substantively unreasonable"); *see also United States v. Salim*, 690 F.3d 115, 126 (2d Cir. 2012) (explaining that "[w]e have never held that a district court is required to reject an applicable Guideline," and recognizing that a "judge may give a non-Guidelines sentence where []he disagrees with the weight the Guidelines assign to a factor"), *superseded by statute on other grounds as stated in United States v. Leroux*, 36 F.4th 115, 120 (2d Cir. 2022).  The record reflects that the district court carefully

---

[1] Although Gladle argues that the district court "mechanically applied" several enhancements that increased his offense level, Gladle Br. at 17, he does not argue that any of these enhancements were unsupported by the record or that the district court committed procedural error in applying them.

considered various aggravating aspects of Gladle's conduct – such as the fact that he made the pornography he amassed available for others to download, the images and videos he possessed displayed sadistic and masochistic conduct, and the images and videos depicted the abuse of very young children – as well as several mitigating circumstances – including Gladle's past substance abuse, minimal criminal history, and troubled childhood circumstances – before arriving at a below-Guidelines sentence that fell squarely within the range of permissible decisions. A review of relevant precedents from this Court reveals that the sentence imposed was consistent with those imposed for comparable conduct under section 2G2.2. *See, e.g.*, *United States v. Clarke*, 979 F.3d 82, 100–01 (2d Cir. 2020) (upholding 120-month sentence where defendant was found guilty of transporting, receiving, and possessing child pornography); *Aumais*, 656 F.3d at 157 (upholding 121-month sentence for transporting and possessing child pornography).

Nor does the record support Gladle's second contention that the district court's sentence failed to properly account for his chronic medical conditions. At sentencing, the district court explicitly confirmed that it considered the information set forth in the PSR and Gladle's sentencing submission, which

5

included information regarding his assorted medical maladies and treatments. In the absence of any contrary indication in the record, we presume that the district court considered this argument, even if it did not reference it explicitly. *See United States v. Halvon*, 26 F.4th 566, 570 (2d Cir. 2022); *see also United States v. Villafuerte*, 502 F.3d 204, 210 (2d Cir. 2007). Moreover, to the extent Gladle argues that the district court failed to give his health conditions due weight under 18 U.S.C. § 3553(a)(2)(D), the law is clear that a mere disagreement with how the district court balanced the section 3553(a) factors is not a sufficient ground for finding an abuse of discretion. *See, e.g.*, *United States v. Verkhoglyad*, 516 F.3d 122, 131 (2d Cir. 2008) ("[T]he weight . . . afforded any [section] 3553(a) factor is a matter firmly committed to the discretion of the sentencing judge." (internal quotation marks omitted)). We therefore see no basis for questioning the substantive reasonableness of the district court's sentence.

*Second*, Gladle argues that the district court erred by imposing a special condition of supervised release that prohibited him from accessing the internet without court approval. Although neither party objected to the imposition of this special condition below, on appeal, the government "concedes that its imposition was plain error under this Court's precedents" and asks that "[t]he condition . . .

be vacated, without prejudice to it being reinstated if circumstances change." Gov. Br. at 30.

Where, as here, a defendant did not challenge the imposition of a condition of supervised release below, we review that challenge for plain error. *See United States v. Dupes*, 513 F.3d 338, 343 (2d Cir. 2008). To demonstrate plain error, a defendant must establish that "(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the [defendant]'s substantial rights; and (4) the error seriously affects the fairness, integrity[,] or public reputation of judicial proceedings." *United States v. Balde*, 943 F.3d 73, 96 (2d Cir. 2019) (internal quotation marks omitted).

A district court retains "wide latitude in imposing conditions of supervised release" and "may order special conditions of supervised release if they are reasonably related to the statutory purposes of supervision," including (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) "the need for the sentence imposed to afford adequate deterrence"; (3) "the protection of the public"; and (4) "the rehabilitative and medical[-]care needs of the defendant." *United States v. Birkedahl*, 973 F.3d 49, 53 (2d Cir. 2020) (internal quotation marks omitted).

7

At the same time, a district court must "state on the record the reason for imposing" a special condition of supervised release, and "the failure to do so is error" unless "the district court's reasoning is self-evident in the record." *United States v. Betts*, 886 F.3d 198, 202 (2d Cir. 2018) (internal quotation marks omitted). Where a supervised-release condition implicates a constitutional right – *i.e.*, a convicted defendant's First Amendment right to access the internet – we "conduct a more searching review," *United States v. Eaglin*, 913 F.3d 88, 95 (2d Cir. 2019), and require that the special condition be "supported by particularized findings that it does not constitute a greater deprivation of liberty than reasonably necessary to accomplish the goals of sentencing," *United States v. Matta*, 777 F.3d 116, 123 (2d Cir. 2015) (internal quotation marks omitted). This Court has specifically held that "only highly unusual circumstances will [warrant] a total [i]nternet ban imposed as a condition of supervised release." *Eaglin*, 913 F.3d at 97; *see also United States v. Sofsky*, 287 F.3d 122, 126 (2d Cir. 2002) (vacating a special condition prohibiting defendant from using the internet because it "inflict[ed] a greater deprivation on [defendant's] liberty than [was] reasonably necessary").

Here, although the district court explained how an internet ban was reasonably related to the purposes of Gladle's sentencing, it failed to point to any

8

highly unusual circumstances that would justify the condition, and the record does not appear to suggest that such facts are present. *See, e.g.*, *Sofsky*, 287 F.3d at 126 (noting that internet bans were upheld in cases where defendant used the internet to distribute child pornography that he had produced and where defendant used the internet to contact a minor). Accordingly, we agree with the parties that the special condition was not justified, and its imposition constituted plain error. Accordingly, we vacate the special condition prohibiting Gladle's use of the internet, and remand to the district court for the limited purpose of determining whether any highly unusual circumstances justify the reimposition of this condition – or another less restrictive condition – which must be supported by particularized findings based on the record.

We have considered Gladle's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** in part and **VACATE** in part the judgment of the district court, and the case is **REMANDED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court